CHARLES B. ROWLEY, Respondent, v. THE NATIONAL BANK OF DEPOSIT OF THE CITY OF NEW YORK, Appellant.

*Bills and notes — pleading — a failure to allege that the payee of a check indorsed it — demurrer.*

The complaint in an action alleged that the plaintiff drew a check upon the defendant, a national bank, whereby he directed it to pay to the order of E. B. Stimpson twenty-five dollars; that the check was thereafter deposited in another bank to the credit of E. B. Stimpson & Son; that it was presented to the defendant for payment, and that the defendant, although it had sufficient funds of the defendant, refused to pay the check.

To this complaint a demurrer was interposed.

*Held,* that, as there was no allegation in the complaint that the payee indorsed the check, or that the defendant was bound to pay it, the demurrer should be sustained.

Appeal by the defendant, the National Bank of Deposit of the city of New York, from an order of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 5th day of January, 1892, overruling a demurrer to the complaint; and from the interlocutory judgment of the Supreme Court, entered in the office of the said clerk on the 7th day of January, 1892, upon said order.

The action was brought to recover the amount due upon a check, which the complaint alleged was drawn for twenty-five dollars, and was deposited in the National Park Bank to the credit of E. B. Stimpson & Son.

The complaint, among other things, alleged:

That on the 31st day of July, 1891, this plaintiff drew a check upon the defendant, wherein and whereby he directed said defend-

ant to pay to the order of E. B. Stimpson the sum of twenty-five dollars ($25), and delivered said check to the said E. B. Stimpson.

That at the time when said check was so drawn and delivered this plaintiff had on deposit with the defendant the sum of not less than ninety-two dollars and thirty-six cents ($92.36), and said defendant was justly indebted to this plaintiff in said amount; and, as plaintiff is informed and verily believes, such sum was credited to him upon the defendant's books.

That on both the 4th and 5th days of August, 1891, this plaintiff had on deposit with the defendant the sum of not less than one hundred and sixty-eight dollars and seventy-one cents ($168.71), and said defendant was justly indebted to this plaintiff in said amount; and, as plaintiff is informed and verily believes, such sum was credited to him upon the defendant's books.

This plaintiff further alleges, upon information and belief, that the check above referred to, drawn by him to the order of E. B. Stimpson, was deposited in the National Park Bank of the city of New York, to the credit of E. B. Stimpson & Son, on the 4th day of August, 1891; that it was presented to the defendant by said National Park Bank for payment on that day or the following day, and that at the time when the same was presented to defendant for payment this plaintiff had on deposit with said defendant an amount largely in excess of the amount of said check.

Plaintiff further alleges that when said check was presented to defendant for payment, the defendant dishonored the same and refused payment thereof, although well knowing that it was indebted to plaintiff in an amount far in excess of the amount for which said check was drawn, and that said defendant returned said check to said National Park Bank after having marked, or caused to be marked, conspicuously upon the face thereof the letters or characters " N. G." in blue pencil marks.

*R. W. Gilbert,* for the appellant.

*H. F. Andrews,* for the respondent.

INGRAHAM, J. :

The complaint alleges that the check described in the complaint was deposited in the National Park Bank of the city of New York

to the credit of E. B. Stimpson & Son on the 4th of August, 1891, that it was presented to the defendant by such National Park Bank for payment on that or the following day, and that at the time when the same was so presented for payment, the plaintiff had on deposit with said defendant an .amount largely in excess of the amount of such check; and that when said check was presented for payment the defendant refused payment thereof, although well knowing that it was indebted to plaintiff in an amount in excess thereof; and that said defendant returned said check to the said National Park Bank after having marked or caused to be marked upon the face thereof the characters "N. G." in blue pencil, and that such letters or characters when written conspicuously upon the face thereof by bankers, etc., mean "not good," and that the drawer thereof has not a sufficient sum on deposit to warrant the payment thereof. There is no allegation in this complaint that the check was indorsed by the payee, or that the defendant was bound to pay the same, and the court cannot assume that the check was so indorsed. Until it was indorsed the defendant was not bound to pay it; and before there can be any cause of action against the defendant, because of its refusal to pay the check, the plaintiff must allege that the defendant was under a legal obligation to pay the same.

There is no allegation in the complaint that the check was presented for certification, nor do we know of any rule of law that requires the bank to certify its customer's checks or makes it liable for a refusal to certify. Without passing upon the question as to the liability of the defendant for damages for failing to pay a customer's check, we think, for the reason above stated, that the demurrer should have been sustained.

The judgment should, therefore, be reversed and the demurrer sustained, with costs and with leave to the respondent to amend within twenty days upon payment of costs.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Judgment reversed and demurrer sustained, with costs, and with leave to the respondent to amend within days upon payment of costs.