us to consider the question with the utmost care, but has only served to confirm us in the view that the preference should receive the interpretation which Mr. Justice Clement placed upon it, under the rule that, if possible, such a construction should be adopted as will sustain an assignment, rather than defeat it. Roberts v. Buckley, 145 N. Y. 215, 39 N. E. 966; Coyne v. Weaver, 84 N. Y. 386. In the case last cited, the opinion of the court was written by Finch, J., who said:

"Two rules should guide us to the proper result. The meaning and intention of the assignor is to be gathered from the whole instrument, and, where two different constructions are possible, that is to be chosen which upholds, and does not destroy, the instrument."

There the phrase in question might have meant either that the assignee was at liberty to compromise any claim against the assigned estate if he should choose to do so, or that the assignee might compromise such claims as, in the exercise of a sound discretion, the interests of the trust should require. In holding that the latter was the proper construction, Judge Finch added:

"If it was necessary, in order to reach that interpretation, to be subtle and astute in our study of the language used, the quaint expression of Lord Hobart, cited with approval in Townsend v. Stearns, 32 N. Y. 215, would furnish our justification. A court may wrestle, if need be, with unwilling words, to find the truth or preserve a right which is endangered."

We think the judgment should be affirmed. All concur.

---

### EICHNER v. BOWERY SAV. BANK OF NEW YORK.

(City Court of New York, General Term. December 12, 1896.)

ACTION AGAINST BANK—FAILURE TO PAY DEPOSITOR'S CHECK.
    A complaint against a bank by a depositor for refusing to pay a check drawn by him is insufficient where it fails to allege that the check was indorsed by the payee when presented for payment, or that it had been certified, and payment thereafter refused, or that it was duly presented to defendant for payment.

Appeal from special term.

Action by Nathan Eichner against the Bowery Savings Bank of New York. A demurrer to the complaint was sustained, and plaintiff appeals. Affirmed.

The complaint is as follows:

The plaintiff, complaining of the above-named defendant, shows to this court, and alleges: (1) On information and belief, that the defendant was at all times hereinafter mentioned, and is, a corporation organized under the laws of this state, for the purpose of carrying on the banking business in the city of New York. (2) That the plaintiff was, at the times hereinafter mentioned, a merchant carrying on business in the city of New York, and that, up to the time of the occurrence of the event hereinafter mentioned, was in good standing and credit. (3) That between the 26th day of January, 1895, and the 20th day of April, 1896, the plaintiff was a depositor in the defendant bank, and had and kept a banking account with the defendant. (4) That on the 12th day of April, 1896, the plaintiff had a balance in said bank due and owing to him, exceeding the sum of nine dollars; and that plaintiff, at the times hereinafter mentioned, continued to have and had a balance in said defendant bank exceeding said sum of nine dollars, subject to plaintiff's check. (5) That on the

12th day of April, 1896, the plaintiff drew his check on the defendant bank for the sum of nine dollars, payable to the order of Field, Chapman & Fenner, and delivered the same to said Field, Chapman & Fenner for an indebtedness due and owing from plaintiff to them. (6) That said firm of Field, Chapman & Fenner was and is a firm of auctioneers in the city of New York, who extended credit to this plaintiff, and who had a high esteem for this plaintiff, and with whom plaintiff had large and profitable dealings, which esteem and credit were of great value to plaintiff. (7) That said firm of Field, Chapman & Fenner caused said check to be presented for payment at defendant's bank during business hours, and in the usual course of business, but defendant, notwithstanding the defendant had sufficient funds belonging to plaintiff on deposit with it, refused to pay said check, stating that the same was "no good," whereupon said check was returned to said Field, Chapman & Fenner dishonored. (8) That Field, Chapman & Fenner gave notice to plaintiff of such dishonor, whereupon this plaintiff informed Field, Chapman & Fenner that the bank must have made some mistake, and instructed them to again present the same for payment. (9) On information and belief, that Field, Chapman & Fenner did again present said check to defendant for payment, informing the bank that they must have made a mistake, but said bank persisted in their refusal to pay said check, and insisted that the same was no good, and that they were not indebted to plaintiff in any such amount, and the defendant refused to honor said check. (10) That the acts of defendant caused this plaintiff injury in his good name and credit, and the said firm of Field, Chapman & Fenner withdrew from the plaintiff their esteem and credit, and refused to extend plaintiff further credit, whereby plaintiff suffered great loss, and was injured in his good name and reputation, in his business as a merchant, with Field, Chapman & Fenner and with others, and his standing in the community as a reputable merchant greatly lowered, to his damage five hundred dollars. Wherefore plaintiff demands judgment against the defendant for the sum of five hundred dollars, besides the costs and disbursements of this action.

The following is the opinion of McCARTHY, J., at special term:

Defendant demurs to the complaint, on the ground that it does not state facts sufficient to constitute a cause of action. The complaint is defective, in that it fails to allege that the check in question, which was made by the plaintiff payable to the order of Field, Chapman & Fenner, was indorsed by them, and, as so indorsed, presented to the defendant for payment, and then refused. It does not allege that this check had been presented by the payees for certification, and certified by the defendant, and then payment refused. Nor does it allege, as claimed, that it was duly presented to defendant for payment. Until it was indorsed by the payees, or the defendant had assumed some obligation by any act of its own, the defendant was not bound to pay it; and, before there can be any cause of action against the defendant because of its refusal to pay the check, the plaintiff must allege that the defendant was under a legal obligation to pay (see opinion of Ingraham, J., in Rowley v. Bank [Sup.] 18 N. Y. Supp. 545; Lynch v. Bank, 107 N. Y. 179, 13 N. E. 775; Bank v. Bingham, 118 N. Y. 349, 356, 357, 23 N. E. 180); and, until this was done, it was "no good" so far as defendant was concerned. I have examined the cases cited by the other side, and particularly Milliken v. Telegraph Co., 110 N. Y. 403, 18 N. E. 251, and think they do not meet this case.

The demurrer is therefore sustained, with costs, with leave, however, to plaintiff, to amend within six days, upon payment of costs.

Argued before VAN WYCK, C. J., and FITZSIMONS and O'DWYER, JJ.

M. Goodman, for appellant.

A. Kling, for respondent.

FITZSIMONS, J. We agree with the justice sitting in special term that the complaint herein should have alleged that the check in suit was made payable to the order of Field, Chapman & Fenner, was indorsed by them, and, as so indorsed, was presented for payment

to the defendant, and then refused. Without such allegation the complaint was demurrable. Rowley v. Bank (Sup.) 18 N. Y. Supp. 545. For this reason, and for the reasons assigned by the justice at special term in his opinion, the judgment must be affirmed.

Judgment affirmed, with costs to the respondent. All concur.