EICHNER v. BOWERY BANK OF NEW YORK.

(Supreme Court, Appellate Division, First Department.    December 31, 1897.)

1. BANK—FAILURE TO PAY CHECK—ACTION BY DEPOSITOR.
     In an action by a depositor against his bank to recover damages for the latter's refusal to pay a check drawn on it by plaintiff to the order of a third party, an omission to allege that the check was duly indorsed by the payee at or before presentment for payment renders the complaint demurrable.

2. CORPORATIONS—LIABILITY FOR SLANDER—STATEMENTS OF OFFICER.
     A bank corporation cannot be rendered liable in an action for slander, for statements made by its officer or agent, and injurious to the plaintiff, its depositor, in his occupation of merchant or trader, although made in connection with a refusal to honor his check drawn on the bank.

Appeal from appellate term.

Action by Nathan Eichner against the Bowery Bank of New York. From a judgment of the appellate term (45 N. Y. Supp. 68), reversing a judgment of the general term of the city court, affirming a judgment

of the special term sustaining a demurrer to the complaint, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Abram Kling, for appellant.
Arthur Furber, for respondent.

WILLIAMS, J. The action was brought to recover damages alleged to have been suffered by the plaintiff by reason of the nonpayment by the defendant of plaintiff's check drawn to the order of Fields, Chapman, and Fenner, and by reason of the statement to the said payees by the defendant that there were no funds in the bank to meet the check. The appellant claims that the action was merely one for damages caused by the nonpayment of the check, while the respondent claims it was one to recover damages for slander of the plaintiff in his occupation of trader or merchant. The complaint alleged, in brief, that the plaintiff was a merchant, carrying on business in the city of New York, and that, up to the time of the nonpayment of the check, he was in good standing and credit; that he was a depositor in the defendant's bank, and kept an account there; that, at the time he drew the check, he had a balance in the bank due and owing him, subject to the check, exceeding the sum of $9, for which the check was drawn; that the check was drawn and delivered to the payees therein for an indebtedness due and owing from plaintiff to them; that the payees were a firm of auctioneers in New York City, and extended credit to the plaintiff, and had a high esteem for him; that plaintiff had large and profitable dealings with them, and their esteem and credit were of great value to him; that the payees caused the check to be presented for payment at the defendant's bank within business hours, and in the usual course of business, but the defendant, although it had sufficient funds belonging to plaintiff on deposit, refused to pay the check, stating that the same was no good, and the check was thereupon returned to the payees dishonored; that, upon the payees' giving notice to plaintiff of such dishonor, the plaintiff informed them that the bank must have made some mistake, and instructed them to again present the same for payment; that the payees did again present the check to defendant for payment, informing the bank that it must have made a mistake, but the defendant persisted in its refusal to pay the check, insisted that the same was no good, that it was not indebted to the plaintiff for any such amount, and refused to honor the check; that these acts of defendant caused plaintiff injury in his good name and credit, and the payees named in the check withdrew from the plaintiff their esteem and credit, refused to extend him further credit, and he thereby suffered great loss, and was injured in his good name and reputation in his business as a merchant, and his standing in the community as a reputable merchant was greatly lowered, to his damage $500.

There was no allegation in the complaint that the check was ever indorsed by the payees either before or at the time or times it was presented to the bank for payment. So far as the action may be

regarded as one for damages caused by the nonpayment of the check, this latter allegation was a necessary one in the complaint; and, in the absence of such allegation, the complaint was defective, and the demurrer was properly sustained at special term.

This precise question was passed upon in the case of Rowley v. Bank, 18 N. Y. Supp. 545, by the general term, in this department. Mr. Justice Ingraham, in the course of his opinion in that case, said:

"Until it [the check] was indorsed, the defendant was not bound to pay it; and, before there can be any cause of action against the defendant because of its refusal to pay the check, the plaintiff must allege that the defendant was under a legal obligation to pay the same."

This action cannot be sustained as one for damages, because of the nonpayment of the check, unless it be alleged and proved that the check, at the time of its presentation and demand of payment, was or had been duly indorsed by the payees. So far as the action may be regarded as one to recover damages for slander of the plaintiff in his occupation of merchant or trader, it cannot be maintained against the defendant as a corporation. The theory of the plaintiff is that the defendant not only refused to pay the check, but that it also stated, in effect, that the plaintiff had no funds in the bank subject to the payment of the check. If this may be regarded as a slander at all, it was not one for which the corporation itself would be liable. The corporation itself could not talk. The statement must have been made by some officer or agent of the corporation, and, if there was liability for slander at all, it must have been the personal liability of such officer or agent, and not of the corporation.

In Towns. Sland. & L. § 265, it was said:

"A corporation can only act by or through its officers or agents, and, as there can be no agency to slander, it follows that a corporation cannot be guilty of slandering. It has not the capacity for committing that wrong. If an officer or agent of a corporation is guilty of slander, he is personally liable, and no liability results to the corporation."

In Odgers, Sland. & L. p. 368, it is said:

"A corporation will not, it is submitted, be liable for any slander uttered by an officer, even though he be acting honestly for the benefit of the company, and within the scope of his duties, unless it can be proved that the corporation expressly ordered and directed that officer to say those very words; for a slander is a voluntary tortious act of the speaker."

The judgment appealed from was erroneous, and should be reversed, and the judgment of the city court affirmed, with costs of appeal in this court and the appellate term, and with leave to the plaintiff to amend complaint upon the payment of costs of appeals and in the courts below. All concur.