KHARAS v. BARRON C. COLLIER, Inc.

(Supreme Court, Appellate Division, First Department.   February 11, 1916.)

1. CORPORATIONS ⊜⟐423—TORTS—WILLFUL OR MALICIOUS ACT—SLANDER.
    An action to recover damages for words slanderous per se, spoken of plaintiff by a corporation's officers or agents acting within the actual or implied scope of their employment, or ratified by the corporation if in excess of their authority, may be maintained against the corporation.
    [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1692–1695, 1903, 1906; Dec. Dig. ⊜⟐423.]

2. PLEADING ⊜⟐11—EVIDENTIARY OR ULTIMATE FACT.
    In an action against a corporation for slander, the failure of the complaint to allege that a duly authorized agent of the corporation uttered the defamatory words, or that the corporation instigated or ratified such words, did not render the complaint insufficient, as the ultimate facts are to be pleaded, and not the evidence which would tend to substantiate those facts.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 31; Dec. Dig. ⊜⟐11.]

3. PLEADING ⊜⟐11—INFERENCE FROM EVIDENCE.
    Such complaint properly alleged that the words were spoken by the defendant corporation, as a legal inference would be that some person or persons in its employ spoke for it, and it would be a matter of proof to establish that the person was acting within the scope of his employment, or that the corporation ratified his actions.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 31; Dec. Dig. ⊜⟐11.]

Appeal from Trial Term, New York County.

Action by Theodore Kharas against Barron C. Collier, Incorporated. From a judgment dismissing the complaint on plaintiff's opening, he appeals. Reversed, and new trial ordered.

Argued before CLARKE, P. J., and SCOTT, DOWLING, SMITH, and PAGE, JJ.

Alexander S. Bacon, of New York City, for appellant.
Morgan J. O'Brien, Jr., of New York City, for respondent.

PAGE, J.   [1] This is an action to recover damages for slander. The words spoken of plaintiff were undoubtedly actionable per se. The learned justice at Trial Term dismissed the complaint, on the ground that an action for slander could not be maintained against a corporation, upon the authority of Eichner v. Bowery Bank, 24 App. Div. 63, 48 N. Y. Supp. 978, a decision of this department. That action was brought to recover damages for the nonpayment of a check and for slander in stating, when the payment was refused, that the check was no good.   The court said (Williams, J., writing):

⊜⟐For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"So far as the action may be regarded as one to recover damages for slander of the plaintiff in his occupation of merchant or trader, it cannot be maintained against the defendant as a corporation. The theory of the plaintiff is that the defendant not only refused to pay the check, but that it also stated in effect that the plaintiff had no funds in the bank subject to the payment of the check. If this may be regarded as a slander at all, it was not one for which the corporation itself would be liable. The corporation itself could not talk. The statement must have been made by some officer or agent of the corporation, and if there was liability for slander at all it must have been the personal liability of such officer or agent, and not of the corporation."

As authority for this statement of the law, the court cites two text books. The quotation from Odger on Libel and Slander is from an early edition. The statement is entirely omitted from the later editions. The citation from Townshend (section 265) is as follows:

"A corporation can act only by or through its officers or agents, and as there can be no agency to slander, it follows that a corporation cannot be guilty of slander. It has not capacity for committing that wrong. If an officer or an agent of a corporation is guilty of slander, he is personally liable, and no liability results to the corporation."

It would thus appear that the decision of this court in Eichner v. Bowery Bank, supra, was based upon the archaic doctrine that a corporation was an artificial being, invisible, intangible, and existing only in the contemplation of the law. Having no physical powers, it could not act; having no mind, it could not form an intent; having no mouth, it could not speak; and therefore those who acted, schemed, devised, or spoke for it were responsible, and not the intangible being in whose business they were engaged. This doctrine has long since been repudiated by the courts. In 1865 our Court of Appeals said:

"Another important legal proposition in the case is so clear upon principle, and so distinctly settled by authority, that nothing but confusion can flow from its discussion. It will bear no more than plain enunciation. A corporation is liable to the same extent and under the same circumstances as a natural person for the consequences of its wrongful acts, and will be held to respond in a civil action at the suit of an injured party for every grade and description of forcible, malicious, or negligent tort or wrong it commits, however foreign to its nature or beyond its granted powers the wrongful transaction or act may be. * * * A corporation aggregate being an artificial body— an imaginary person of the law, so to speak—is, from its nature, incapable of doing any act except through agents to whom is given by its fundamental law, or in pursuance of it, every power of action it is capable of possessing or exercising. Hence the rule has been established, and may now also be stated as an indisputable principle, that a corporation is responsible for the acts or negligence of its agents while engaged in the business of the agency, to the same extent and under the same circumstances that a natural person is chargeable with the acts or negligence of his agents." N. Y. & N. H. R. Co. v. Schuyler, 34 N. Y. 30, 49, 50.

This principle has been repeatedly recognized, and a corporation held liable for tortious acts of its servants, even where a malicious and evil intent must be present as an element of the cause of action. A citation of authorities is unnecessary, but a multitude of cases will be found where corporations have been held liable for false representations, libels, and assault. This court has held that a corporation may be indicted and convicted of criminal libel. People v. Star Co., 135 App. Div. 517, 120 N. Y. Supp. 498. The Court of Appeals has

recently held that a corporation could not be guilty of manslaughter, but pointed out that such a result followed from the statutory definition of homicide, and not because a corporation could not be charged criminally with the unlawful purposes and motives of its agents, saying:

"A corporation, generally speaking, is liable in civil proceedings for the conduct of the agents through whom it conducts its business, so long as they act within the scope of their authority, real or apparent; and it is but a step further in the same direction to hold that in many instances it may be charged criminally with the unlawful purposes and motives of such agents while so acting in its behalf." People v. Rochester Ry. & L. Co., 195 N. Y. 102, 105, 88 N. E. 22, 23, 21 L. R. A. (N. S.) 998, 133 Am. St. Rep. 770, 16 Ann. Cas. 837.

The question whether a corporation could be sued for slander does not seem to have been presented to our courts since the case of Eichner v. Bowery Bank, supra, was decided. It has, however, been before the courts of other states, and it has uniformly, so far as I am advised, been held that the corporation was liable. Fensky v. Maryland Casualty Co., 264 Mo. 154, 174 S. W. 416; Comerford v. West End Ry. Co., 164 Mass. 13, 14, 41 N. E. 59; Empire Cream Co. v. De Laval Dairy Co., 75 N. J. Law, 207, 67 Atl. 711; Rivers v. Yazoo & M. V. R. Co., 90 Miss. 196, 43 South. 471, 9 L. R. A. (N. S.) 931; Hussey v. Norfolk, etc., R. Co., 98 N. C. 34, 3 S. E. 923, 2 Am. St. Rep. 312; Hypes v. So. Ry. Co., 82 S. C. 317, 64 S. E. 395, 21 L. R. A. (N. S.) 873, 17 Ann. Cas. 620. The latest text-books state the rule as well settled. 5 Thomp. on Corp. (2d Ed.) § 5441; 1 Clark & Marshall, Priv. Corp. p. 627 et seq.; Newell on Slander and Libel (3d Ed.) p. 436. The true rule, in my opinion, is that a corporation is liable for torts committed by its officers or agents when acting within the actual or implied scope of their employment, or by ratification may become responsible for such acts when committed in excess of their authority. Within the content of this rule a corporation may be held liable for a slander. The case of Eichner v. Bowery Bank, supra, holding the contrary, should be overruled.

[2] The sufficiency of the allegations of the complaint was questioned at Trial Term, and it is urged here that the complaint is defective, in that it is not therein alleged that a duly authorized agent of the corporation uttered the defamatory words, nor does it allege that the corporation in any manner authorized, ratified, or instigated the speaking of the slanderous words. The learned counsel for defendant overlooks the rule that the ultimate facts are to be pleaded, and not the evidence that would tend to substantiate those facts.

[3] The plaintiff properly alleged the words were spoken by the defendant. As a corporation can only speak through some person or persons in its employ, the legal inference is that some such person or persons spoke for it. It is a matter of proof on the trial to establish that the person who spoke the words was acting within the scope of his employment, or that the corporation, by ratification of the act of speaking, had adopted and made the words its own.

The judgment will be reversed, and a new trial granted, with costs to appellant to abide event. Order filed. All concur.