Ruth Virginia McRAE and Mike McRae,
Plaintiffs,

v.

ARABIAN AMERICAN OIL COMPANY,
etc., Defendant.

No. 62 Civ. 3394.

United States District Court
S. D. New York.

Nov. 21, 1968.

Whyman & Whyman, New York City, for plaintiffs; Roger A. Whyman, New York City, of counsel.

White & Case, New York City, for defendant; Charles Nelson Brower, New York City, of counsel.

LEVET, District Judge.

This opinion relates to a motion by the defendant for reargument of a memorandum decision and order in this matter dated September 30, 1968.[1] This motion asks for an order requiring plaintiffs to submit to this court an allocation of their alleged damages. Reference to the aforesaid memorandum will show the relevant background.

When this case came on to be tried before me in September, 1968, it appeared that the action was originally commenced in the Supreme Court of the State of New York, County of New York, and that it had been removed to this court upon petition by the defendant. The petition for removal was filed on October 10, 1962.

The complaint is by Ruth Virginia McRae and Mike McRae as plaintiffs. Ruth is the mother of Mike.

The first cause of action appears to be a combined cause of action by Ruth and Mike with respect to certain claims against the defendant concerning an alleged guarantee of proper accommodations, etc., in Saudi Arabia where one Carl Purvines, former husband of Ruth, was to serve the defendant as a dentist.

Paragraph 12 of the first cause of action is as follows:

"12. By reason of the foregoing, plaintiffs have sustained damages in the sum of $100,000, resulting in part from the suffering and humiliation caused them as a result of the aforesaid breach by defendant of the said agreement."

The second cause of action is by the same plaintiffs and relates to alleged ejectment and false imprisonment, etc. The allegation with respect to damages is joint, paragraph 22 being as follows:

"22. By reason of the aforesaid, the plaintiffs have been damaged in the sum of $500,000."

■ Ordinarily, it is clear that the two plaintiffs in this action could not aggregate their claims in order to obtain a federal court jurisdictional sum required under Title 28 U.S.C.A. § 1332(a). Each plaintiff may have a separate cause of action or claim; and it is also evident that there was no joint claim. Hence, each claim must be sufficient to bring it within the monetary jurisdictional requirements. See Thomson v. Gaskill, 315 U.S. 442, 62 S.Ct. 673, 86 L.Ed. 951 (1942); Farmers' Loan and Trust Co. v. Waterman, 106 U.S. 265, 1 S.Ct. 131, 27 L.Ed. 115 (1882); Arnold v. Troccoli, 344 F.2d 842 (2nd Cir. 1965); Century Insurance Company v. Mooney, 241 F.2d 910 (10th Cir. 1957).

Obviously, the combination of the claims of the plaintiff Ruth and the plaintiff Mike would be improper and inadequate since no one can determine what the claim of Ruth is or what the claim of Mike is in either the first or second causes of action.

1. The opinion and order of September 30, 1968 permitted plaintiffs, under Title 28 U.S.C.A. § 1653, to amend their complaint, etc. within 15 days to show jurisdiction but provided for remand if no amendment was permitted or filed. On October 11, 1968, I received a letter from plaintiffs' attorneys stating that plaintiffs did not wish to amend their complaint.

■ The only prima facie basis for removal of this action to this court was a third cause of action in which plaintiff Ruth Virginia McRae claimed to have been slandered by employees of the corporate defendant. Any cursory examination of this claim would have revealed to defendant that no cause of action was in fact alleged since a corporation is not liable for slander by its employee when outside the scope of his employment.

■ The third cause of action, which was discontinued with prejudice on December 6, 1963, sounded in slander. Although an allegation is made that the words in question were spoken in the court of, and within the scope of, the employment of the corporate employees who are said to have made these statements, it is exceedingly doubtful from the statements set forth in the complaint that any of said statements were made in the course of the employment of the persons mentioned. See Bohanan v. Atchison, Topeka and Santa Fe Railway Co., 289 F.Supp. 490 (W.D.Oklahoma 1968); Dyer v. Burns, 257 F.Supp. 268 (W.D.Oklahoma 1966). Whatever the law may be in Saudi Arabia, and there is no assertion whatsoever as to that law in the complaint, there seems to be no doubt that in the State of New York corporations are liable for the torts of their employees only when committed within the scope of their authority. See Hay v. Cohoes Company, 3 Barb. 42 (1848), aff'd 2 N.Y. 159; Kharas v. Barron C. Collier, Inc., 171 App.Div. 388, 157 N.Y.S. 410 (1916); O'Brien v. B.L.M. Bates Corporation, 211 App.Div. 743, 208 N.Y.S. 110 (1925).

Title 28 U.S.C.A. § 1441(c) is as follows:

"Whenever a separate and independent claim or cause of action, which would be removable is sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

■ A district court is required on its own motion to notice and determine federal jurisdiction of a removed case and to be sure that federal jurisdiction exists. Consolidated Rubber Tire Co. v. Ferguson, 183 F. 756 (2nd Cir. 1910); Wabash Ry. Co. v. Lindley, 29 F.2d 829, 831 (8th Cir. 1938); Jacobs v. District Director of Internal Revenue, Borough of Manhattan, City of New York, 217 F. Supp. 104 (S.D.N.Y.1963); Glucksman v. Columbia Broadcasting System, Inc., 219 F.Supp. 767, 770 (S.D.California 1963). See also Mayer v. Chase Nat. Bank, 165 F.Supp. 287 (S.D.N.Y.1958); Kleinman v. Betty Dain Creations, 88 F.Supp. 637 (S.D.N.Y.1950), aff'd 189 F.2d 546 (2nd Cir. 1951). I know of no reason why this court should not, sua sponte, raise the question of the remand under Title 28 U.S.C.A. § 1441(c).

Defendant made no motion addressed to the insufficiency of the remaining causes of action in the complaint under Title 28 U.S.C.A. § 1332 and plaintiffs made no motion to remand under the discretionary clauses of Section 1441(c) above mentioned or otherwise.

The court, sua sponte, on September 25, 1968 raised the question of lack of monetary jurisdiction under Section 1332. Neither party then pointed out the discretionary features contained in Section 1441(c).

Defendant now urges that, by virtue of said Section 1441(c), even though the third cause of action originally alleged in the complaint was discontinued, this court in its discretion may determine the issues of the first and second causes of action herein. Defendant concedes, however, that the court in its discretion may remand these claims. As to claims of Mike McRae, it appears that no independent basis for removal existed at any time.

The defendant urges that the court should consider the fact that the case has been in this court since October 10, 1962 and that neither of the parties nor the court itself raised the question of remand until September 1968, when, as stated,

the court inquired into jurisdictional matters. Defendant points out that a further delay in the state court might be prejudicial because of its inability to secure witnesses. By my decision and order of September 30, 1968, the court determined that, unless the plaintiffs could and did obtain an order for permissive amendment of their complaint to show jurisdiction, the case would be remanded. At this time neither counsel referred to the possible effect of Section 1441(c). On or about October 11, 1968, the court received a letter from plaintiffs' counsel stating in effect that plaintiffs would not seek to amend their complaint. (See Title 28 U.S.C.A. § 1653) Thereupon, defendant made the motion for reargument, etc., as heretofore stated.

Obviously, the plaintiffs or the defendant at any time after the removal on or about October 10, 1962 could have moved this court for a discretionary order remanding the first and second causes of action. The same motion could still have been made with greater force after the discontinuance of the third cause of action on December 6, 1963.

Title 28 U.S.C.A. § 1653 merely states:

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."

█ I do not know of any rule under which defendant can compel plaintiffs to amend their complaint to show jurisdiction. It would also seem that the defendant cannot amend its answer to show jurisdiction. I believe that Section 1653 as presently existing refers only to the complaint.

It is true that in a case in the First Circuit in which the district court had *dismissed* a diversity case because of insufficient allegations of jurisdiction of citizenship, without prejudice, a motion by defendants to amend the record by filing admissions and affidavits showing diversity of citizenship and to adjudicate the case on the merits, was granted. See Keene Lumber Company v. Leventhal, 165 F.2d 815 (1st Cir. 1948).

The Keene case was decided under a statute then existing which permitted amendment by *either party* at any stage of the proceeding so as to show on the record diversity citizenship and jurisdiction with the direction that thereupon "such suit shall be proceeded with the same as though the diverse citizenship had been fully and correctly pleaded at the inception of the suit, or, if it be a removed case, in the petition for removal. Title 28 U.S.C.A. § 399 (Judicial Code, § 274c).[2]

At a hearing on November 6, 1968, counsel for defendant refused to concede that the damages (without concession of liability) sustained by Ruth McRae or by Mike McRae were greater than $10,000 each exclusive of interest and costs. (SM 3, 4)

█ From the time of the removal of this case in 1962, the action has languished in this court, as evidenced by papers in the Clerk's office. These delays by plaintiffs, which, in general, were acquiesced in by defendant, present no equitable basis for complaint by defendant against a present remand of the first

---

2. Title 28 U.S.C.A. § 399 (Judicial Code, § 274c) read as follows:

"Amendments to show diverse citizenship. Where, in any suit brought in or removed from any State court to any district of the United States, the jurisdiction of the district court is based upon the diverse citizenship of the parties, and such diverse citizenship in fact existed at the time the suit was brought or removed, though defectively alleged, either party may amend at any stage of the proceedings and in the appellate court upon such terms as the court may impose, so as to show on the record such diverse citizenship and jurisdiction, and thereupon such suit shall be proceeded with the same as though the diverse citizenship had been fully and correctly pleaded at the inception of the suit, or, if it be a removed, case, in the petition for removal. (Mar. 3, 1915, c. 90, 38 Stat. 956.)"

and second causes of action. The record shows the following:

A number of extensions to file answers or to make a motion with respect to answers or amended answers were obtained by defendant.

(1) On March 3, 1964, an order was made requiring plaintiffs to file a note of issue for trial within ninety days or suffer dismissal. Subsequently, by stipulations by the then attorneys for the plaintiffs, Lewis, MacDonald & Varian, and the present attorneys for the defendant, time to file a note of issue was extended to September 2, 1964, again to December 15, 1964, once more to March 15, 1965, to June 15, 1965, and later to September 15, 1965.

(2) On September 30, 1965, an order was entered by Sylvester J. Ryan, Chief Judge, dismissing the case because of lack of prosecution. By reason of this order to dismiss, the plaintiffs moved to vacate the order of dismissal by notice of motion dated October 10, 1965, which motion was granted upon certain conditions by Judge Ryan on December 7, 1965. One of the conditions was that the suit was to be noticed for trial and placed on the calendar not later then February 1, 1966 with no further extension. Note of issue for trial was not filed until January 25, 1966. At least three stipulations with regard to adjournment of the pretrial order were executed, on September 27, 1966, November 7, 1966 and December 14, 1966.

After a hearing before me on November 6, 1968, defendant served an amended answer and filed the original thereof with the court. The defendant on the same day also served upon the plaintiffs' attorneys and filed in the court a so-called "Defendant's Amended Petition for Removal." In view of my present decision to remand, I do not pass upon the question of acceptance of an amended answer at this time without consent of the court or plaintiffs. As to the so-called "Defendant's Amended Petition for Removal," I must conclude that it is insufficient.

The papers upon which this motion was ultimately submitted included the pleadings, notice of motion dated October 10, 1968, affidavit of MacDonald Flinn, sworn to October 10, 1968, supplemental affidavit of Charles N. Brower, sworn to October 21, 1968, affidavit of Martin N. Whyman, sworn to October 17, 1968. It also may be noted that counsel indulged in correspondence through letters from plaintiffs' attorneys dated October 10, 1968 and November 12, 1968; letters from defendant's attorneys, dated October 11, 1968 and two letters dated November 8, 1968; hearings were held before this court on September 25, 1968 and November 6, 1968. I have also taken notice of all papers filed with the Clerk of this court on this motion, including "Defendant's Amended Petition for Removal" and defendant's Amended Answer, both filed November 8, 1968.

█ Under the circumstances of this case, this court sees no reason for giving defendant the benefit of any discretionary retention of the first and second causes of action in this court. Any difficulty which defendant may have now by reason of remand has been in the main caused by its own tactics. There was little, if any, reason for defendant to remove the case to this court in the first instance, and I must presume that it took this step with its eyes open. On the other hand, the plaintiffs at any time (and particularly after discontinuance of the third claim) could have moved to remand the first and second causes of action under the discretionary provision of Section 1441(c).

In one breath the defendant avers sufficiency of monetary jurisdiction and in the next it denies it. In spite of the specious claim of plaintiff Ruth McRae in the third cause of action, defendant's petition for removal, although possibly technically correct, savored of coloration.

In any event, this court, sua sponte, now directs remand of the remaining

causes of action to the state court. The order of September 30, 1968 is superseded. All other motions and applications by plaintiffs are denied.

No costs are allowed to plaintiffs.

Let the plaintiffs prepare an order in accordance herewith and settle the same upon notice.