In an action, inter alia, for injunctive relief and a judgment declaring that the restrictive covenant in the parties’ employment agreement is unenforceable, the defendants appeal, as limited by their brief, (1) from so much of an order of the Supreme Court, Nassau County (Warshawsky, J.), dated August 11, 2011, as granted the plaintiff’s motion for a preliminary injunction and denied those branches of their cross motion which were pursuant to CPLR 3211 (a) to dismiss the cause of action for injunctive relief and, in effect, for summary judgment declaring that the restrictive covenant is enforceable, and (2) from so much of an order of the same court dated November 3, 2011, as, in effect, upon reargument, adhered to the original determination.
Ordered that the appeal from the order dated August 11, 2011, is dismissed, as that order was superseded by the order dated November 3, 2011, made upon reargument; and it is further,
Ordered that the order dated November 3, 2011, is affirmed insofar as appealed from; and it is further,
Ordered that one bill of costs is awarded to the plaintiff.
The Supreme Court, upon reargument, properly adhered to its determination preliminarily enjoining the defendants from contacting the plaintiffs current employer pending resolution of the instant action. Fursuant to this injunction, the defendants were temporarily enjoined from commencing any action against the plaintiffs current employer arising from the restrictive covenant at issue.
To obtain a preliminary injunction, a movant must demonstrate, by clear and convincing evidence, (1) a likelihood of success on the merits, (2) irreparable injury absent a preliminary
*770 injunction, and (3) a balancing of the equities in the movant’s favor (see CPLR 6301; Aetna Ins. Co. v Capasso, 75 NY2d 860, 862 [1990]; Arcamone-Makinano v Britton Prop., Inc., 83 AD3d 623, 624 [2011]).
Here, the plaintiff demonstrated a likelihood of success on the merits of his claim that the defendants’ restrictive covenant over his employment was unenforceable. “ ‘[A] restrictive covenant will only be subject to specific enforcement to the extent that it is reasonable in time and area, necessary to protect the employer’s legitimate interests, not harmful to the general public and not unreasonably burdensome to the employee’ ” (BDO Seidman v Hirshberg, 93 NY2d 382, 389 [1999], quoting Reed, Roberts Assoc. v Strauman, 40 NY2d 303, 307 [1976]). The restrictive covenant here applied to the entire United States, and would have precluded the plaintiff from merely “participating” in projects that involved the defendants’ present or former clients. As such, the plaintiff demonstrated a likelihood of success in showing that the restrictive covenant is not enforceable. Moreover, the plaintiff demonstrated irreparable injury to his career absent a preliminary injunction, and that a balancing of the equities favors him (see CPLR 6301; Aetna Ins. Co. v Capasso, 75 NY2d 860, 862 [1990]). Thus, nothing raised in the motion for leave to reargue warranted a result different from the result reached by the Supreme Court in its initial order.
There is no merit to the defendants’ remaining contentions, including those addressed to those branches of their original cross motion which were to dismiss the cause of action for injunctive relief and, in effect, for summary judgment declaring that the restrictive covenant is enforceable. Angiolillo, J.P., Hall, Roman and Cohen, JJ., concur.