In an action for injunctive relief and to recover damages for breach of a covenant not to compete, the plaintiff appeals from an order of the Supreme Court, Nassau County (Driscoll, J.), dated May 21, 2012, which denied its motion, in effect, for a preliminary injunction.
Ordered that the order is affirmed, with costs.
The Supreme Court did not improvidently exercise its discretion in denying the plaintiffs motion, in effect, to preliminarily enjoin the defendant from, inter alia, soliciting any current or former customers of the plaintiff. “To obtain a preliminary injunction, a movant must demonstrate, by clear and convincing evidence, (1) a likelihood of success on the merits, (2) irreparable injury absent a preliminary injunction, and (3) a balancing of the equities in the movant’s favor” (Yedlin v Lieberman, 102 AD3d 769, 769-770 [2013] [emphasis added]; see CPLR 6301; Aetna Ins. Co. v Capasso, 75 NY2d 860, 862 [1990]). Here, the plaintiff failed to meet its burden.
Initially, we note that the particular covenant not to compete under review in this case belongs to that category of agreements that is subject to a stricter standard of reasonableness and provokes “undoubted[ ] judicial disfavor” (Reed, Roberts Assoc. v Strauman, 40 NY2d 303, 307 [1976]; see Purchasing Assoc. v Weitz, 13 NY2d 267, 272 [1963]). Enforcement of the subject covenant would have effectively required the defendant (1) to endure a one-year period of total unemployment, (2) to accept employment in an entirely different occupation or profession, (3) to relocate to a place far outside of the area in which she had grown accustomed to living, or (4) to continue to work for the plaintiff. The plaintiff had filed for bankruptcy protection, its checks had been dishonored for insufficient funds, its 401 (k) retirement plan payments had been “unilaterally suspended,” and its president had been arrested. Thus, not only did the plaintiff fail to show a likelihood of success on the merits, but it is clear that the “equities” do not weigh in favor of the plaintiff (see Eastman Kodak Co. v Carmosino, 77 AD3d 1434, 1436 [2010]).
*955 Accordingly, the Supreme Court properly denied the plaintiff s motion, in effect, for a preliminary injunction.
We decline the defendant’s request to impose a sanction upon the plaintiff for pursuing an allegedly frivolous appeal (see 22 NYCRR 130-1.1). Mastro, J.E, Leventhal, Sgroi and Miller, JJ., concur.