Cabrita v Vitabyte, Inc. (2025 NY Slip Op 51214(U))

[*1]

Cabrita v Vitabyte, Inc.

2025 NY Slip Op 51214(U)

Decided on July 22, 2025

Supreme Court, Queens County

Livote, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 22, 2025
Supreme Court, Queens County

Simon Cabrita, Plaintiff,

against
Vitabyte, Inc., Defendant.

Index No. 708785/2024

Petitioner's Attorney
John Nicholas Flouskakos, Esq.
Iakovou & Xanthopoulos Law Group, PLLC
40 Wall St. Fl. 49, New York, NY 10005-1358
(212) 404-8615
jflouskakos@ix-legal.com
Respondent's Attorney
Elena Razis, Esq.
Razis & Ross, PC
2309 31st St, Astoria, NY 11105
(718) 932-7500
razislaw@gmail.com

Leonard Livote, J.

The following e-filed documents, listed by NYSCEF document number (Motion 001) 8, 16, 17, 18, 19, 20, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51 were read on this motion to/for INJUNCTION/RESTRAINING ORDER.
The above-numbered papers were read on this motion brought via an Amended Order to Show Cause dated April 26, 2024 and issued by Hon. Timothy J. Dufficy by plaintiff SIMON [*2]CABRITA ("Simon") against defendant VITABYTE, INC. ("Vitabyte") seeking a preliminary injunction pursuant to CPLR § 6301, preliminarily restraining Vitabyte during the pendency of this action from:
a. enforcing the provisions of paragraph 14 of the Employment Agreement dated November 19, 2018 ("Employment Agreement"), including the provisions which prohibit Simon from:
i.undertaking duties of possible competitive employment;
ii. servicing customers of Vitabyte that Simon does not divert from Vitabyte;
iii. competitive activity in all 50 states of these United States;
b. enforcing the provisions of paragraph 16 of the Employment Agreement which provides for injunctive relief in favor of Vitabyte;
c. enforcing paragraph 5 of the joint non-compete and non-disclosure agreement dated November 19, 2018 ("Non-Compete and Non-Disclosure Agreement");
d. enforcing paragraph 8 of the Non-Compete and Non-Disclosure Agreement which provides for injunctive relief in favor of Vitabyte;
e. threatening to commence litigation against third parties that do, or are doing, business with Simon;
f. intimidating third parties against doing business with Simon;
g. intimidating third parties against doing business with Simon by advising said third parties that conducting business with Simon violates a contract or is illegal;
h. advising third parties that they should not do business with Plaintiff;
i. advising third parties that doing business with Simon violates a contract or is illegal;
j. advising third parties that Simon has sabotaged or will sabotage installed Point-of-Sale ("POS") computer systems of merchant-customers of Vitabyte;
k. threatening third parties (including but not limited to Mr. Francesco Rodriguez, Mr. O'Dany Tavarez, and/or Mr. Peter Stasinos) that Vitabyte will commence litigation against such third parties if they do business with Simon;
l. threatening Simon with legal action for any reason.
The above-numbered papers were read on this cross-motion by Vitabyte seeking an order for the following relief:
a. pursuant to CPLR § 3211(a)(7) dismissal of all of the cause of action contained in Simon's summons and verified complaint, for failure to state a cause of action; and
b. in opposition to the relief requested in Simon's Amended Order to Show Cause dated April 26, 2024 signed by Hon. Timothy J. Dufficy, JSC for a temporary restraining order and to schedule hearing for preliminary injunction; and
c. together with costs of said motion; and
d. together with such other and further relief as to this Court may deem just and proper.
Upon the foregoing papers, the application by order to show cause and the cross-motion are determined as follows.
Vitabyte is in the POS industry, primarily servicing restaurants and other related businesses. Simon is a former employee of Vitabyte. Simon was hired by Vitabyte as a technician on November 19, 2018. On that date, Simon entered into the Employment Agreement with Vitabyte and the Non-Compete and Non-Disclosure Agreement.
Paragraph 14 of the Employment Agreement entitled "Post-Employment Noncompetition Agreement" states, in relevant part:
"Employee understand[s] that during [HIS/HER] employment by the Company Employee may become familiar with the confidential information of the Company. Therefore, it is possible that Employee could gravely harm the Company if Employee worked for a competitor. Accordingly, Employee agrees for 2-Years' time period following the end of [HIS/HER] employment with the Company, not to compete, directly or indirectly, with the Company in any of its business if the duties of such competitive employment inherently require that Employee use or disclose any of the Company's confidential information. Competition includes the design, development, production, promotion or sale of products or services competitive with those of the Company. Employee agrees not to engage in, or contribute [HIS/HER] knowledge to, any work that is competitive with or functionally similar to a product, process, apparatus or service on which Employee worked while at the Company. The following post-employment noncompetition terms shall apply also:
A. Diversion of Company Business: For a period of 2 Years from the date [HIS/HER] employment ends, Employee will not divert or attempt to divert from the Company any business the Company enjoyed or solicited from its customers during the 2 Years prior to the termination of [HIS/HER] employment.
B. Geographic Restrictions: Employee acknowledges and agrees that the products/services developed by the Company are, or are intended to be, distributed to customers nationally throughout US. According[ly], Employee agrees that these restrictions on [HIS/HER] post-employment competitive activity shall apply through the entire US."
Paragraph 16 of the Employment Agreement entitled "Enforcement" states:
"Employee agree[s] that in the event of a breach or a threatened breach of this agreement, [*3]money damages would be an inadequate remedy and extremely difficult to measure. Employee agree[s], therefore, that the Company shall be entitled to an injunction to restrain Employee from such breach or threatened breach. Nothing in this Agreement shall be construed as preventing the Company from pursuing any remedy at law or in equity for any breach or threatened breach."
Paragraph 5 of the Non-Compete and Non-Disclosure Agreement entitled "Non-Competition" states:
"Consultant agrees and covenants that because of the confidential and sensitive nature of the Confidential Information and because of the use of, or even the appearance of the use of, the Confidential Information in certain circumstances may cause irreparable damage to Company and its reputation, or to clients of Company, Consultant shall not, until the expiration of three years after the termination of the employment between Company and Employee, engage, directly or indirectly, or through any corporations or associates in any business, enterprise or employment which is directly competitive with Company."
Paragraph 8 of the Non-Compete and Non-Disclosure Agreement entitled "Injunctive Relief" states:
"The Consultant acknowledges that disclosure of any Confidential Information or breach of any of the non-competitive covenants or agreements contained herein will give rise to irreparable injury to Company or clients of Company, inadequately compensable in damages. Accordingly, Company or where appropriate a client of Company, may seek and obtain injunctive relief against the breach or threatened breach of the foregoing undertakings, in addition to any other legal remedies which may be available. The Consultant further acknowledges and agrees that in the event of termination of employment with the Company the Consultants experience and capabilities are such that Consultant can obtain employment in business activities which are of a different or non-competing nature with his or her activities as a Consultant of Company; and that the enforcement of a remedy hereunder by way of an injunction shall not prevent the Consultant from earning a reasonable livelihood. The Consultant further acknowledges and agrees that the covenants contained herein are necessary for the protection of the Company's legitimate business interest and are reasonable in scope and content."
Simon alleges that he resigned from his employment with Vitabyte in January 2023 and is now the sole shareholder and operator of Cube It Corp. ("Cube It"), which purportedly offers merchants services that Vitabyte does not, including "an array of technology services, including camera installation, audio/video integration, 3D printing, web design, networking, and other specialized services." Simon further alleges that George Karabelas ("Karabelas"), Vitabyte's president, informed former and current Vitabyte customers, which were also prospective Cube It customers, that Vitabyte was pursuing legal action against Simon and that Simon sabotaged POS terminals at Vitabyte's customer's locations. Simon also alleges that Karabelas warned businesses against working with Simon, threatened legal action, and started rumors that Simon was stealing Vitabyte accounts. Simon alleges that these actions interfered with his prospective business opportunities. In a letter dated June 27, 2023, from Vitabyte to Simon, Vitabyte demanded that Simon cease and desist from using any of Vitabyte's confidential information and [*4]from diverting business from Vitabyte.
On April 24, 2024, Simon commenced the instant action against Vitabyte, by the filing of a summons and complaint, asserting a first cause of action for a declaratory judgment that the Employment Agreement and the Non-Compete and Non-Disclosure Agreement (collectively, "Agreements") are unenforceable, a second cause of action for a temporary restraining order, a third cause of action for preliminary and permanent injunctive relief, a fourth cause of action for tortious interference with prospective business relations, a fifth cause of action for slander, and a sixth cause of action for enforcement of paragraph 14 (B)[FN1]
of the Employment Agreement.
Simultaneously with the filing of the summons and complaint, Simon filed and served an order to show cause seeking preliminary injunctive relief and a temporary restraining order ("TRO") against Vitabyte. On April 26, 2024, the Court executed the order to show cause, denying the TRO. Vitabyte opposes the relief sought in the order to show cause and cross-moves pursuant to CPLR § 3211(a)(7) to dismiss the complaint.
With respect to Simon's order to show cause seeking preliminary injunctive relief, CPLR § 6301 provides, in relevant part:
"A preliminary injunction may be granted in any action where it appears that the defendant threatens or is about to do, or is doing or suffering to be done, an act in violation of the plaintiff's rights respecting the subject of the action, and tending to render judgment ineffectual, or in any action where the plaintiff has demanded and would be entitled to a judgment restraining the defendant from the commission or continuance of an act, which, if committed or continued during the pendency of the action, would produce injury to the plaintiff" (CPLR § 6301).
"'The purpose of a preliminary injunction is to preserve the status quo until a decision is reached on the merits'" (306 Rutledge, LLC v City of New York, 90 AD3d 1026, 1028 [2d Dept 2011], quoting Icy Splash Food & Beverage, Inc. v Henckel, 14 AD3d 595, 596 [2d Dept 2005]). "To obtain a preliminary injunction, a movant must demonstrate, by clear and convincing evidence, (1) a likelihood of success on the merits, (2) irreparable injury absent a preliminary injunction, and (3) a balancing of equities in the movant's favor" (Yedlin v Lieberman, 102 AD3d 769, 769-770 [2d Dept 2013]). "'[A]bsent extraordinary circumstances, a preliminary injunction will not issue where to do so would grant the movant the ultimate relief to which he or she would be entitled in a final judgment'" (Bergman v TRG Waterfront Lender, LLC, 181 AD3d 783, 784-785 [2d Dept 2020], quoting SHS Baisley, LLC v Res Land, Inc., 18 AD3d 727, 728 [2d Dept 2005]). The decision to grant or deny a preliminary injunction rests in the sound discretion of the Supreme Court (see Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839 [2005]; Doe v Axelrod, 73 NY2d 748 [1988]).
Here, Simon's Order to Show Cause seeks an order preliminarily restraining Vitabyte during the pendency of this case from various actions (supra). Branches (a) through (d) of Simon's order to show cause to preliminarily enjoin Vitabyte from enforcing paragraphs 14 and 16 of the Employment Agreement and paragraphs 5 and 8 of the Non-Compete and Non-Disclosure Agreement, in effect, seek the ultimate relief that Simon seeks in the first cause of [*5]action, for a finding that the Agreements are unenforceable (see St. Michael's Home v Valmas, 230 AD3d 1320, 1322 [2d Dept 2024]; Boening v Nassau County Dept. of Assessment, 200 AD3d 973, 974 [2d Dept 2021]; Shake Shack Fulton St. Brooklyn, LLC v Allied Prop. Group, LLC, 177 AD3d 924, 928 [2d Dept 2019]).
However, branches (e) through (k) of the Order to Show Cause to preliminarily enjoin Vitabyte from threatening to commence litigation against third parties that are doing business with Simon, intimidating third parties against doing business with Simon, and advising third parties not to do business with Simon are granted. Simon demonstrates a likelihood of success on the merits of his claim that the restrictive covenants over his employment contained in the agreements are at least partially unenforceable. "'[A] restrictive covenant will only be subject to specific enforcement to the extent that it is reasonable in time and area, necessary to protect the employer's legitimate interests, not harmful to the general public and not unreasonably burdensome to the employee'" (BDO Seidman v Hirschberg, 93 NY2d 382, 389 [1999]). Here, the restrictive covenant in the Employment Agreement is not reasonable as to area insofar as it applies to the entire United States (see Yedlin v Lieberman, 102 AD3d at 770). Additionally, paragraph 9 of the Non-Compete and Non-Disclosure Agreement entitled "Company's Clients" precludes Simon from "hav[ing] any business dealings whatsoever . . . with any customer or client of [Vitabyte's] . . . or any person or firm which has contacted or been contacted by [Vitabyte] as a potential customer or client of [Vitabyte]." This language is not necessary to protect Vitabyte's legitimate interests insofar as it encompasses more than POS systems and applies not only to Vitabyte customers, but also to potential customers. As such, Simon demonstrates a likelihood of success in showing that the restrictive covenants contained in the Agreements are at least partially unenforceable (see id). Moreover, Simon demonstrates irreparable injury to his business absent a preliminary injunction, and that a balancing of the equities favors him (see CPLR § 3601).
Branch (l) of the Order to Show Cause to preliminarily enjoin Vitabyte from threatening Simon with legal action "for any reason" is denied insofar as Simon fails to proffer any argument or evidence in support of this request for relief.
Next, the Court turns to Vitabyte's cross-motion pursuant to CPLR § 3211(a)(7) to dismiss the complaint. On a motion to dismiss pursuant to CPLR § 3211(a)(7), the Court must accept the facts as alleged in the complaint as true, afford every reasonable favorable inference to the plaintiff, and determine only whether the facts as alleged fit within any cognizable legal theory (see Goshen v Mutual Life Ins. Co. of NY, 98 NY2d 314, 326 [2002]; Leon v Martinez, 84 NY2d 83, 87-88 [1994]). However, conclusory allegations consisting of bare legal conclusions with no factual specificity are "insufficient to survive a motion to dismiss" (Godfrey v Spano, 13 NY3d 358, 373 [2009]).
With respect to Simon's first cause of action "[a] motion to dismiss a declaratory judgment action prior to the service of an answer presents for consideration only the issue of whether a cause of action for declaratory relief is set forth, not the question of whether the plaintiff is entitled to a favorable declaration" (88-18 Tropical Restaurante Corp. v Utica First Ins. Co., 223 AD3d 772, 773 [2024] [internal quotation marks omitted]). "[W]here a cause of action is sufficient to invoke the court's power to 'render a declaratory judgment . . . as to the rights and other legal relations of the parties to a justiciable controversy' (CPLR 3001), a motion to dismiss that cause of action should be denied" (Matter of 22-50 Jackson Ave. Assoc., L.P. v County of Suffolk, 216 AD3d 943, 946 [2d Dept 2023] [citations and internal quotation marks [*6]omitted]). "However, upon a motion to dismiss for failure to state a cause of action, a court may reach the merits of a properly pleaded cause of action for a declaratory judgment where no questions of fact are presented. Under such circumstances, the motion to dismiss the cause of action for failure to state a cause of action should be treated as one seeking a declaration in [the] defendant's favor and treated accordingly" (id. [citations and internal quotation marks omitted]).
Here, the complaint adequately sets forth a cause of action for declaratory relief, and Vitabyte's submissions fail to dispel all factual issues regarding the merits of that cause of action (see 88-18 Tropical Restaurante Corp. v Utica First Ins. Co., 223 AD3d at 773-774). As such, that branch of Vitabyte's cross-motion to dismiss Simon's first cause of action for a declaratory judgment that the Agreements are unenforceable is denied.
Simon, in opposition to Vitabyte's cross-motion, withdraws his second cause of action for a TRO. As such, that branch of Vitabyte's cross-motion to dismiss the cause of action for a TRO is denied as moot.
Simon's third cause of action seeks injunctive relief. "To sufficiently plead a cause of action for a permanent injunction, a plaintiff must allege that there was a 'violation of a right presently occurring, or threatened and imminent," that he or she has no adequate remedy at law, that serious and irreparable harm will result absent the injunction, and that the equities are balanced in his or her favor" (Caruso v Bumgarner, 120 AD3d 1174, 1175 [2d Dept 2014], quoting Elow v Svenningsen, 58 AD3d 674, 675 [675 [2d Dept 2009]). Here, the complaint, construed liberally, sufficiently pleads each element. Simon alleges, among other things, that Vitabyte threatened to commence litigation against third parties in business with Simon and intimidated third parties against doing business Simon. These allegations, if true, cannot be adequately remedied by money damages alone. As such, that branch of Vitabyte's cross-motion to dismiss the third cause of action for injunctive relief is denied.
With respect to Simon's fourth cause of action, "[t]o prevail on a cause of action to recover damages for tortious interference with business relations, a plaintiff must prove that it had a business relationship with a third party, that the defendant knew of that relationship and intentionally interfered with it, that the defendant's actions were motivated solely by malice or otherwise constituted illegal means, and that the defendant's interference caused injury to the plaintiff's relationship with the third party" (684 East 222nd Realty Co., LLC v Sheehan, 185 AD3d 879, 879-880 [2d Dept 2020]). Here, the complaint fails to sufficiently allege that Vitabyte, through Karabelas' actions, were motivated solely by malice or otherwise constituted illegal means (see id. at 880). As such, that branch of Vitabyte's cross-motion to dismiss the fourth cause of action for tortious interference with business relations is granted.
Simon's fifth cause of action alleges slander. "Generally, a plaintiff alleging slander must plead and prove that he or she has sustained special damages, i.e., 'the loss of something having economic or pecuniary value'" (Rufeh v Schwartz, 50 AD3d 1002, 1004 [2d Dept 2008], quoting Liberman v Gelstein, 80 NY2d 429, 434-435 [1992] [internal quotation marks omitted]). "A plaintiff need not prove special damages, however, if he or she can establish that the alleged defamatory statement constituted slander per se. Among the four recognized types of slander per se are statements which 'tend to injure another in his or her trade, business or profession'" (id., quoting Liberman v Gelstein, 80 NY2d at 435). Here, the complaint does not allege that Simon sustained special damages. Instead, Simon claims that the allegedly defamatory remarks that Karabelas made to current and prospective Cube It customers that Simon sabotaged the POS systems installed by Vitabyte and was stealing Vitabyte clients harmed his professional [*7]reputation, resulting in lost business opportunities. As alleged, Karabelas' alleged defamatory statements would tend to injure Simon in his trade, business or profession, and thus would constitute slander per se (see Kamchi v Weissman, 125 AD3d 142, 159 [2d Dept 2014]; Shaw v Club Manager Ass'n of America, 84 AD3d 928, 930 [2d Dept 2011]). Contrary to Vitabyte's contention, a corporation may be held liable for slander (see Tandy v Prudential Ins. Co. of Am., 240 AD 709, 709 [2d Dept 1933] O'Brien v Bates, Corp., 211 AD 743, 744 [1st Dept 1925]; Kharas v Collier, Inc., 171 AD 388, 391 [1st Dept 1916] Thus, that branch of Vitabyte's cross-motion to dismiss the fifth cause of action alleging slander is denied.
Finally, the court turns to Simon's sixth cause of action seeking enforcement of paragraph 14 (B) of the Employment Agreement, which states, in relevant part that, "[i]f, solely as a result of this noncompetition agreement, [Simon is] unable to secure employment appropriate to [his] training, despite [his] diligent efforts to do so, [Vitabyte] shall . . . release [Simon] from [his] noncompetition obligations . . . , or . . . pay [Simon] a periodic amount equal to [his] monthly base pay at termination for the balance of . . . this noncompetition agreement." Simon states in his complaint that he "has been unable to leverage his abilities and experience with POS system maintenance and installation due to his noncompetition obligations." However, he fails to plead any "diligent efforts" he has made to secure employment appropriate to his training and thus, fails to sufficiently set forth a cause of action seeking enforcement of paragraph 14 (B) of the employment agreement. Thus, the branch of Vitabyte's cross-motion to dismiss the sixth cause of action is granted. Accordingly, it is
ORDERED that the branches (a) through (d) and (l) of Simon's Order to Show Cause seeking a preliminary injunction are denied, and it is further
ORDERED that the branches (e) through (k) of Simon's Order to Show Cause seeking a preliminary injunction are granted, and it is further
ORDERED that the branches of Vitabyte's cross-motion to dismiss the first cause of action seeking a declaratory judgment, the third cause of action seeking injunctive relief, and the fifth cause of action alleging slander are denied, and it is further
ORDERED that that branch of Vitabyte's cross-motion to dismiss the second cause of action seeking a TRO is denied as moot, and it is further 
ORDERED that the branches of Vitabyte's cross-motion to dismiss the fourth cause of action alleging tortious interference with business relations and the sixth cause of action seeking enforcement of paragraph 14 (B) of the Employment Agreement are granted, and it is further
ORDERED that plaintiff Simon Cabrita serve notice of entry of this Order within 30 days.
Any other and/or further relief requested and not addressed is denied. This constitutes the Order of the Court.
DATE 7/22/2025
LEONARD LIVOTE, J.S.C.

Footnotes

Footnote 1:The Court notes that in the employment agreement, there are two paragraphs labeled 14 (B). Simon seeks enforcement of the second paragraph labeled 14 (B).