■ TOWN OF BROOKHAVEN, Respondent, v RAYMOND PESINKOWSKI, Appellant. [733 NYS2d 475] —In an action, *inter alia,* to enjoin the defendant from continuing the use and occupancy of the subject premises in violation of the Brookhaven Town Code, the defendant appeals from an order of the Supreme Court, Suffolk County (Catterson, J.), dated May 25, 2000, which granted the plaintiff's motion, *inter alia,* for a preliminary injunction, and, among other things, directed him to commence eviction proceedings against the tenant of the subject premises and provided that the fine imposed against him would be doubled if he failed to do so by a date certain.

Ordered that the order is modified by deleting therefrom the provisions directing the appellant to commence eviction proceedings against his tenant and providing that the fine imposed against him would be doubled if he failed to do so by a date certain; as so modified, the order is affirmed, without costs or disbursements.

An employee of the plaintiff, Town of Brookhaven, improperly refused to process the defendant's application for a permit to repair a cottage on his property. Thereafter, the defendant made the repairs, which also included an improvement and

enlargement of the structure, without a building permit. He then leased the premises, although he lacked the proper permits and a certificate of occupancy. The Supreme Court granted the Town's motion for a preliminary injunction, ordered the defendant to pay a monthly fine equal to the monthly income he received from the rental, directed him to commence eviction proceedings against the tenant, and provided that the fine would be doubled if he failed to do so by a date certain.

While the Town is entitled to the preliminary injunction without satisfying the customary three-prong test (*see, Incorporated Vil. of Freeport v Jefferson Indoor Marina,* 162 AD2d 434), the preliminary relief granted upset the status quo and divested the Town of any incentive to further prosecute the action (*see, Town of Esopus v Fausto Simoes & Assocs.,* 145 AD2d 840, 841-842). The Town's interests are properly preserved by the imposition of a monthly fine equal to the amount of the monthly income the defendant derives from the illegal rental during the pendency of the action, without resorting to the possibly needless eviction of the innocent tenant.

The defendant's remaining contentions are without merit. O'Brien, J. P., McGinity, H. Miller and Adams, JJ., concur.