■ ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Respondent, v YORK CLAIMS SERVICE, INC., Appellant. [765 NYS2d 573] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered January 3, 2003, which granted plaintiff's motion for a preliminary injunction pursuant to CPLR 6301 affirmatively directing defendant to transfer to plaintiff the sum of $260,622, without prejudice to the rights of either party to be determined in arbitration pursuant to the terms of the parties' agreement, unanimously reversed, on the law, with costs, the motion denied and injunctive relief vacated, without prejudice to plaintiff seeking any appropriate provisional relief, or summary relief after issue is joined, in Supreme Court.

In March 2000, plaintiff St. Paul Fire and Marine Insurance Company (St. Paul) entered into an agreement with defendant York Claims Service, Inc. (York) whereby York agreed to provide claims management services for claims arising from policies of commercial insurance issued by St. Paul. On May 25, 2001, St. Paul notified York in writing of its intent to terminate the agreement. In July 2001, York sent two invoices to St. Paul demanding payment of services rendered in an amount of $294,587.

Meanwhile, in June 2001, St. Paul retained another claims management company, Essential Service & Programs, Inc. (Essential), to replace York. On or about February 28, 2002, Essential sent an invoice to St. Paul in the amount of $260,622 for services rendered between March 1, 2001 and March 1, 2002. In response to this invoice, an employee of St. Paul mistakenly made a wire transfer of $260,622 to York's account, instead of Essential's. After discovering the error, St. Paul's manager sent a letter to York explaining that the money had been sent as a result of a "clerical error," and the money transfer "was not intended to reflect payment by St. Paul for services allegedly rendered by York or in any way reflect a

settlement or compromise of St. Paul's ongoing dispute with York regarding monies allegedly owing under the Services Agreement." St. Paul's manager requested repayment of the money and York refused.

On June 6, 2002, St. Paul commenced the instant action by service of a summons with notice seeking "damages for conversion." York's counsel filed a notice of appearance eight days later. Prior to the service of a complaint, St. Paul moved by order to show cause for a preliminary injunction affirmatively directing York to immediately transfer to plaintiff any and all monies improperly held by defendant. The motion was supported by St. Paul's manager's affidavit detailing the circumstances surrounding the mistaken wire transfer and asserting that the payment was not made in settlement of the parties' underlying dispute.

In opposition, York's vice-president submitted an affidavit arguing, inter alia, that factual issues existed concerning York's right to retain the moneys sent which precluded summary judgment, and that St. Paul's motion for injunctive relief was in reality a motion for summary judgment in lieu of complaint, which was unavailable in these circumstances. In reply, St. Paul argued that a valid cause of action for conversion was stated in that the payment was clearly a mistake and York had no justification in retaining the money.

The motion court granted St. Paul's motion for injunctive relief, finding that the payment to York of $260,622 was an "inadvertent error," and directed that York transfer said sum to St. Paul within 10 days of service of a copy of the order with notice of entry.

On appeal, York argues that the motion court's order directing the return of the money to St. Paul was erroneous because the money was properly retained under the "discharge for value" rule (see Banque Worms v BankAmerica Intl., 77 NY2d 362 [1991]), because St. Paul had failed to establish the criteria necessary for preliminary injunctive relief, and because the court improperly resolved the case summarily prior to St. Paul's service of a complaint. We agree with York that, as a procedural matter, the court erred in granting summary judgment relief prior to joinder of issue. Accordingly, we reverse and vacate the injunctive relief.

"It is well settled that in order to be entitled to a preliminary injunction, a movant must clearly demonstrate (1) a likelihood of ultimate success on the merits, (2) irreparable injury absent granting of the preliminary injunction, and (3) a balancing of the equities in the movant's favor (see, e.g., Doe v Axelrod, 73

NY2d 748; *Doe v Poe,* 189 AD2d 132 [*lv denied* 81 NY2d 711]). A mandatory injunction should not be granted, absent extraordinary circumstances, where the status quo would be disturbed and the plaintiff would receive the ultimate relief sought, pendente lite" (*Rosa Hair Stylists v Jaber Food Corp.,* 218 AD2d 793, 794 [1995]; *see also Bachman v Harrington,* 184 NY 458, 464 [1906]; *MacIntyre v Metropolitan Life Ins. Co.,* 221 AD2d 602 [1995]).

It is clear that the motion court's order granted St. Paul the ultimate relief requested in its summons—return of the money alleged converted by York. This relief went far beyond the ordinary purpose of preliminary injunctive relief, which is to maintain the status quo and to prevent any conduct which might impair the ability of the court to render final judgment (*see* CPLR 6301; *Mucchi v Eli Haddad Corp.,* 101 AD2d 724, 725 [1984]).

In granting the ultimate relief sought by St. Paul under the guise of a provisional remedy, the motion court, in effect, treated the motion as one for accelerated judgment (CPLR 3212). However, such treatment was patently improper where no complaint or answer had been served in the action. Summary judgment may not be granted before issue is joined (*see* CPLR 3212 [a]; *City of Rochester v Chiarella,* 65 NY2d 92, 101 [1985]). Nor has St. Paul demonstrated that the procedure authorizing summary judgment in lieu of complaint is available in these circumstances (*see* CPLR 3213). Concur—Rosenberger, J.P., Lerner, Friedman, Marlow and Gonzalez, JJ.