■ SHS Baisley, LLC, Respondent, v Res Land, Inc., Appellant. [795 NYS2d 690]—

In an action, inter alia, to recover damages for breach of a lease, the defendant appeals from stated portions of an order of the Supreme Court, Richmond County (Minardo, J.), dated April 21, 2004, which, among other things, granted the plaintiff's motion for a *Yellowstone* injunction to the extent of directing the defendant to execute documents required by the New York City Department of Buildings or other appropriate governmental agencies to allow the plaintiff to complete construction of a building on the premises, in effect, on condition that the plaintiff pay rent arrears due through April 2004.

Ordered that the order is reversed insofar as appealed from, on the law, with costs and the matter is remitted to the Supreme Court, Queens County, for a new determination of the plaintiff's motion for a *Yellowstone* injunction to be made after a hearing; and it is further,

Ordered that pending hearing and determination of the plaintiff's motion for a *Yellowstone* injunction, the running and expiration of the cure period contained in the notice dated February 19, 2004, is tolled.

It is settled that absent extraordinary circumstances, a preliminary injunction will not issue where to do so would grant the movant the ultimate relief to which he or she would be entitled in a final judgment (*see St. Paul Fire & Mar. Ins. Co. v York Claims Serv.,* 308 AD2d 347, 348-349 [2003]). In addition, mandatory preliminary injunctions are not favored and should not be granted absent extraordinary or unique circumstances, or where the final judgment may otherwise fail to afford complete relief, especially if the status quo would be disturbed (*see St. Paul Fire & Mar. Ins. Co. v York Claims Serv., supra; Rosa Hair Stylists v Jaber Food Corp.,* 218 AD2d 793 [1995]; *Xerox Corp. v Neises,* 31 AD2d 195 [1968]; *see also* 67 NY Jur 2d, Injunctions § 55).

The plaintiff's motion for a *Yellowstone* injunction (*see First Natl. Stores v Yellowstone Shopping Ctr.,* 21 NY2d 630 [1968]) sought only to toll the expiration of the 15-day period to cure breaches of the lease and to enjoin the defendant from terminating the lease. The plaintiff did not request, pendente lite, the relief erroneously granted by the Supreme Court, to wit: a mandatory preliminary injunction compelling the defendant to execute the documents for a building permit upon the condition that the plaintiff satisfy the rent arrears. In ordering the defendant to execute the documents, the Supreme Court did not preserve the status quo, which is the essence of the *Yellowstone* injunction (*see First Natl. Stores v Yellowstone Shopping Ctr., supra; Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc.,* 93 NY2d 508, 514 [1999]; *Bennigan's of N.Y. v Great Neck Plaza, L.P.,* 223 AD2d 615 [1996]). Instead, it permitted the stop order to be lifted and the building to be completed, thereby granting the ultimate relief demanded in the first cause of action of the complaint. The evidence presented on the motions did not establish extraordinary circumstances to justify the relief granted (*see Rosa Hair Stylists v Jaber Food Corp., supra*).

Since the order is reversed insofar as appealed from, the plaintiff is not obligated to comply with the provision of the or-

der directing it to pay outstanding rent as a condition of the provision directing the defendant to execute the documents for the building permit.

We remit the matter for a hearing to determine the plaintiff's motion for a *Yellowstone* injunction. Finally, it is noted that although the plaintiff's time to cure the alleged default has now expired, since the plaintiff timely sought a *Yellowstone* injunction, the court's improper actions should not now result in the extinction of the plaintiff's time to cure (*see Prince Lbr. Co., Inc. v CMC MIC Holding Co.*, 253 AD2d 718 [1998], citing *Mann Theatres Corp. of Cal. v Mid-Island Shopping Plaza Co.*, 94 AD2d 466, 476-477 [1983], *affd* 62 NY2d 930 [1984]). The running and expiration of the cure period contained in the defendant's notice dated February 19, 2004, is tolled pending the determination of the motion.

We note that as the Supreme Court granted the defendant's cross motion to change venue to Queens County, the hearing shall take place in Queens County.

In light of our determination, we need not reach the defendant's remaining contentions. Florio, J.P., Adams, Luciano and Skelos, JJ., concur.