■ VILLAGE OF WESTHAMPTON BEACH, Respondent-Appellant, v DONALD J. CAYEA et al., Appellants-Respondents. [835 NYS2d 582]—

In an action to permanently enjoin alleged violations of the Code of the Village of Westhampton Beach, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Henry, J.), dated March 15, 2005, as granted those branches of the plaintiff's motion which were for summary judgment dismissing their first and second counterclaims, and the plaintiff cross-appeals, as limited by its notice of appeal and brief and representations upon oral argument, from so much of the same order as denied that branch of its motion which was for a preliminary injunction compelling the defendants to remove additions to the subject premises and place the remainder of the subject premises on pilings 11 feet above sea level.

Ordered that the order is affirmed insofar as appealed from and cross-appealed from, without costs or disbursements.

The plaintiff, Village of Westhampton Beach, seeks to compel the defendants to correct violations of the Code of the Village of Westhampton Beach (hereinafter the Village Code) at the defendants' premises. The defendants alleged in their first and second counterclaims that they had vested rights in the alteration of the premises, in that their renovation of the premises, allegedly pursuant to a building permit, was substantially completed before the Village issued a stop-work order. The defendants raised the issue of vested rights in an administrative appeal to the Village of Westhampton Beach Zoning Board of Appeals, in which they challenged the stop-work order. They further contended that their renovations complied with the building permit and the Village Code. While the administrative appeal was pending, the defendants completed the work, claiming further proceedings against them were stayed pursuant to Village Law § 7-712-a (6). Once the work was completed, the defendants withdrew their administrative appeal.

By withdrawing their administrative appeal challenging the stop-work order, the defendants relinquished any rights to administrative review of the stop-work order they may have had, their claims that the renovations complied with the terms of the building permit and the Village Code, and their claim of vested rights. Further, by failing to exhaust their administrative remedies, they relinquished any right to judicial review of those

issues (see *Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57 [1978]; *Matter of Jordan's Partners v Goehringer*, 204 AD2d 453, 454-455 [1994]; *Matter of Padar Realty Co. v Klein*, 60 AD2d 533, 534 [1977]). Thus, the Supreme Court properly granted those branches of the Village's motion which were for summary judgment dismissing the defendants' first and second counterclaims on the ground that the defendants failed to exhaust their administrative remedies.

With respect to the plaintiff's motion for a preliminary injunction, upon oral argument, counsel for the Village stated that it was not seeking to enjoin the defendants' use and occupancy of the premises pending resolution of this matter. Therefore, the denial of that branch of the plaintiff's motion which was to enjoin use and occupancy pendente lite is not before us.

With respect to the remaining branches of its motion for a preliminary injunction, the Village demonstrated a likelihood of success on the merits and a balancing of the equities in its favor, and is thus entitled to injunctive relief. Thus, the only remaining issue is what form that relief should take, and what must be done to bring the defendants' premises into compliance with the Village Code.

The Supreme Court properly denied those branches of the plaintiff's motion which sought a preliminary injunction compelling the defendants to remove additions to the subject premises and place the remainder of the subject premises on pilings 11 feet above sea level. Mandatory injunctive relief should not be granted pendente lite without a showing of extraordinary circumstances where the status quo would be disturbed and the plaintiff would be granted the ultimate relief in the action (see *St. Paul Fire & Mar. Ins. Co. v York Claims Serv.*, 308 AD2d 347, 349 [2003]; *Rosa Hair Stylists v Jaber Food Corp.*, 218 AD2d 793, 794 [1995]). Directing the defendants to attempt compliance with the Village Code before such a determination is made could cause the defendants to do unnecessary or inadequate work which later would have to be redone, and would deprive the plaintiff of an incentive to prosecute this action to its conclusion (see *Town of Brookhaven v Pesinkowski*, 288 AD2d 371, 372 [2001]; *Town of Esopus v Fausto Simoes & Assoc.*, 145 AD2d 840, 842 [1988]).

Accordingly, the order is affirmed insofar as appealed from and cross-appealed from. Crane, J.P., Rivera, Goldstein and McCarthy, JJ., concur.