■ OMAKAZE SUSHI RESTAURANT, INC., Respondent, v NGAN KAM LEE et al., Appellants, and CUI XIANG FONG et al., Respondents. [868 NYS2d 726]—

The Supreme Court providently exercised its discretion in denying the motion of the defendants (hereinafter the appellants) for a preliminary injunction to enjoin the plaintiff from performing any construction or renovation work upon the subject premises.

A party seeking the drastic remedy of a preliminary injunction must establish a clear right to that relief under the law and the undisputed facts (*see Gagnon Bus Co., Inc. v Vallo Transp., Ltd.*, 13 AD3d 334 [2004]). The burden of proof is on the movant to demonstrate a likelihood of success on the merits, the prospect of irreparable injury if the relief is withheld, and a balancing of the equities in the movant's favor (*see Doe v Axelrod*, 73 NY2d 748 [1988]).

Here, the facts are in such sharp dispute that it cannot be said that the appellants established a clear right to preliminary injunctive relief (*see Matter of Advanced Digital Sec. Solutions, Inc. v Samsung Techwin Co., Ltd.*, 53 AD3d 612, 613 [2008]; *Matter of Related Props., Inc. v Town Bd. of Town/Vil. of Harrison*, 22 AD3d 587, 590 [2005]).

The appellants' remaining contentions are without merit. Ritter, J.P., Florio, Miller and Carni, JJ., concur.