■ BOARD OF MANAGERS OF BOND PARC CONDOMINIUM, Respondent, v LORRAINE BROXMEYER et al., Appellants, et al., Defendants. [881 NYS2d 106]—

In an action, inter alia, for a judgment declaring that the defendants Lorraine Broxmeyer and Terence Eckstein are required to provide the plaintiff with access to their condominium unit to allow the plaintiff to install windows on the wall located in the terrace appurtenant to that unit, and to compel those defendants to provide such access, the defendants Lorraine Broxmeyer and Terence Eckstein appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), dated April 10, 2008, as granted that branch of the plaintiff's motion which was for an injunction compelling them to provide the plaintiff with access to their condominium unit for the purpose of installing windows in wall of the terrace appurtenant to their unit, (2), as limited by their brief, from so much of an order of the same court entered August 20, 2008, as denied that branch of their motion as was for leave to renew their opposition to that branch of the plaintiff's motion which was for an injunction, and (3) from a judgment of the same court entered August 25, 2008, which, upon so much of the order dated April 10, 2008, as granted the plaintiff's application for a judgment declaring that they were required to provide the plaintiff with access to their condominium unit, among other things, is in favor of the plaintiff and against them compelling them to provide the plaintiff with access to their condominium unit for the purpose of installing windows in the wall of the terrace appurtenant to their unit.

Ordered that the appeals from the orders are dismissed, as the portions of the orders appealed from were superseded by the judgment; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

In October 1984 the sponsor of the Bond Parc Condominium (hereinafter Bond Parc), located in the Village of Great Neck Plaza, installed windows on the terrace walls of four terraces appurtenant to each of the four penthouse units of the building constituting the Bond Parc complex to prevent pigeon excrement and water damage to the penthouse units and to the units directly below the penthouse units. In October 2004 the defendant Lorraine Broxmeyer purchased the subject condominium unit, penthouse four (hereinafter PH4), in which her son, the defendant Terence Eckstein (hereinafter together the defendants) has since resided. In 2006 the plaintiff undertook a restoration and renovation project to the building's façade, which necessitated removal of the existing terrace windows and, upon completion of the façade work, installation of new windows in the four terraces. The owners of all four penthouse units al-

lowed removal of the original windows in the terraces appurtenant to their respective units, and thereafter, the owners of penthouse units one, two, and three allowed installation of the new windows. However, the defendants refused to allow the installation of the new windows, which prompted the plaintiff to commence this action seeking, inter alia, an injunction compelling the defendants to provide it with access to the terrace appurtenant to PH4 to install the new windows. In an order dated April 10, 2008, entered after joinder of issue but before any discovery had been conducted, the Supreme Court, inter alia, granted that relief to the plaintiff. The defendants thereafter moved, inter alia, for leave to renew their opposition to that branch of the plaintiff's motion, which the court denied in an order entered August 20, 2008. A judgment was thereafter entered upon, and consistent with, the order dated April 10, 2008. The defendants appeal from the two orders, as well as the judgment.

The Supreme Court properly awarded judgment to the plaintiff compelling the defendants to provide it with access to the terrace appurtenant to PH4 in order to install windows in the terrace wall (*see Doe v Axelrod*, 73 NY2d 748 [1988]; *Omakaze Sushi Rest., Inc. v Ngan Kam Lee*, 57 AD3d 497 [2008]). The Bond Parc governing documents clearly define terraces appurtenant to units as common elements, and authorize the plaintiff to repair and maintain them. Specifically, article V of the Bond Parc declaration expressly defines terraces appurtenant to units as common elements that are "irrevocably restricted in use to specified Unit Owners, subject to the right of the Board of Managers to enter upon any restricted area for maintenance, repair or improvement of a Unit or common element and subject to the rules of the Board of Managers." Further, article III, section 6, of the Bond Parc bylaws recites that "irrevocably restricted common elements shall be maintained and repaired by the Unit Owner to whom such common element is restricted in use . . . The [plaintiff] Board of Managers and its agents, employees and contractors shall have a right of access to any Unit and to all portions of the common elements for the purpose of carrying out any of its obligations under these By-Laws or the Declaration of the Condominium." Under the circumstances, the defendants' refusal to provide the plaintiff and its contractor with access to the terrace appurtenant to their unit to install windows in the wall thereon violates the Bond Parc governing documents.

The Supreme Court properly denied that branch of the defendants' motion which was for leave to renew, as they failed

to demonstrate a reasonable justification for failing to submit an affidavit from an expert architect in opposition to the plaintiff's original motion (*see* CPLR 2221 [e]; *Sobin v Tylutki*, 59 AD3d 701 [2009]; *Boakye-Yiadom v Roosevelt Union Free School Dist.*, 57 AD3d 929 [2008]).

The defendants' contentions that the plaintiff failed to obtain a building permit prior to installing the terrace windows during the 1980s, and that the removal and reinstallation work desired by the plaintiff would violate the applicable building code, were raised for the first time in connection with that branch of their motion which was for leave to renew their opposition to the plaintiff's motion for an injunction. The Supreme Court properly denied that branch of the defendants' motion, since the defendants failed to provide a reasonable excuse for their failure to present these facts in opposition to the plaintiff's motion for an injunction (*see* CPLR 2221 [e]).

Contrary to the plaintiff's contention, the imposition of sanctions against the defendants is not warranted (*cf.* 22 NYCRR 130-1.1 [c] [1]).

The defendants' remaining contentions are without merit. Prudenti, P.J., Miller, Eng and Belen, JJ., concur.