(May 11, 2010)

■ BOARD OF MANAGERS OF WHARFSIDE CONDOMINIUM, Appellant, v PAUL NEHRICH et al., Respondents. [900 NYS2d 747]—

In an action, inter alia, to compel the defendants to remove certain alterations made to the terrace of their condominium unit and provide the plaintiff with access to the unit to allow the plaintiff to install windows in accordance with an amendment to the by-laws and declaration of the Wharfside Condominium, the plaintiff appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Nassau County (Mahon, J.) entered April 1, 2009, as denied its motion for a preliminary injunction compelling the defendants, inter alia, to remove the alterations and provide it with access to the condominium unit for the purpose of installing windows in the unit pending the resolution of the action, and (2), so much of an order of the same court dated July 31, 2009, as, in effect, upon reargument, adhered to the determination in the order entered April 1, 2009.

Ordered that the appeal from the order entered April 1, 2009, is dismissed, as that order was superseded by the order dated July 31, 2009, made, in effect, upon reargument; and it is further,

Ordered that the order dated July 31, 2009, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

In June 2007 the defendants purchased a condominium unit in the Wharfside Condominium (hereinafter the Condominium) in the Village of Freeport. The prior owners altered the unit in or about March 2003 by installing a glass enclosure on the terrace of the unit, with the approval of the plaintiff Board of Managers of Wharfside Condominium (hereinafter the Board). The terrace was further altered and converted into additional living space by the installation of wood paneling, a drop ceiling, carpeting, and an electrical ceiling fan, and by the removal of a sliding glass door. In July 2007 the Board requested the defendants to restore the terrace to its original condition, asserting that the defendants were required to obtain its approval pursuant to the Condominium's governing documents before making the alterations, which the Board contends that it did not grant. Specifically, the Board alleges that it informed the defendants that the governing documents required Board approval before any alteration was made to the terrace, since the terrace was a common element. The defendants, arguing that approval from the Board was not required to alter the terrace since it was not a common element, refused to restore the terrace to its original condition.

Thereafter, the Board, in accordance with a Condominium-wide project, attempted to replace several windows and the slid-

ing glass door in the defendants' unit. According to the Board, this task could not be accomplished because either the defendants refused access or the contractors hired by the Board could not replace the windows and the sliding glass door due to the "physical outlay" [*sic*] of the unit. The Board commenced this action, inter alia, to compel the defendants to restore the terrace to its original condition and to permit the Board or its contractors to replace the windows and the sliding glass door. The Board thereafter moved for a preliminary injunction compelling the defendants to restore the unit to its original condition and to provide the Board with access to the unit for the purpose of permitting it or its contractors to replace the windows and door. The Supreme Court denied the motion and, in effect, upon reargument, adhered to that determination. We affirm the order, in effect, made upon reargument insofar as appealed from.

"To establish entitlement to a preliminary injunction, a movant must establish (1) a likelihood or probability of success on the merits, (2) irreparable harm in the absence of an injunction, and (3) a balance of the equities in favor of granting the injunction" (*Stockley v Gorelik*, 24 AD3d 535, 536 [2005]; *see Aetna Ins. Co. v Capasso*, 75 NY2d 860, 862 [1990]; *Doe v Axelrod*, 73 NY2d 748, 750 [1988]). "A party seeking the drastic remedy of a preliminary injunction must establish a clear right to that relief under the law and the undisputed facts" (*Omakaze Sushi Rest., Inc. v Ngan Kam Lee*, 57 AD3d 497 [2008]; *see Peterson v Corbin*, 275 AD2d 35, 37 [2000]; *Nalitt v City of New York*, 138 AD2d 580, 581 [1988]). "[A]bsent extraordinary circumstances, a preliminary injunction will not issue where to do so would grant the movant the ultimate relief to which he or she would be entitled in a final judgment" (*SHS Baisley, LLC v Res Land, Inc.*, 18 AD3d 727, 728 [2005]; *see Village of Westhampton Beach v Cayea*, 38 AD3d 760, 762 [2007]; *St. Paul Fire & Mar. Ins. Co. v York Claims Serv.*, 308 AD2d 347 [2003]).

Since the Board's motion requested the ultimate relief to which it would be entitled in a final judgment, the Board was required to demonstrate extraordinary circumstances in order to obtain the requested relief (*see St. Paul Fire & Mar. Ins. Co. v York Claims Serv.*, 308 AD2d at 347). The circumstances presented in this case are not of such an extraordinary nature as to warrant mandatory injunctive relief pending the resolution of the litigation (*see Village of Westhampton Beach v Cayea*, 38 AD3d at 762; *SHS Baisley, LLC v Res Land, Inc.*, 18 AD3d at 728; *St. Paul Fire & Mar. Ins. Co. v York Claims Serv.*, 308 AD2d at 347; *Rosa Hair Stylists v Jaber Food Corp.*, 218 AD2d 793, 794 [1995]).

Furthermore, contrary to the Board's contention, the governing documents did not establish that the terrace was a common element of the Condominium or an exterior portion of the subject unit (*cf. Board of Mgrs. of Bond Parc Condominium v Broxmeyer*, 62 AD3d 925 [2009]). Therefore, the Board failed to establish that the defendants were in violation of the governing documents by maintaining the terrace in an altered condition without its approval. Accordingly, the Board did not establish the likelihood of success on the merits (*see generally Omakaze Sushi Rest., Inc. v Ngan Kam Lee*, 57 AD3d 497 [2008]).

The Board's remaining contentions are without merit. Skelos, J.P., Angiolillo, Leventhal and Roman, JJ., concur.