WILLOW WOODS MANUFACTURED HOMEOWNER's ASSOCIATION, INC., et al., Respondents-Appellants, v R & R MOBILE HOME PARK, INC., et al., Defendants, ECKEL DEVELOPMENT, LLC, Appellant-Respondent, and COUNTY OF SUFFOLK et al., Respondents. [917 NYS2d 656]—

In a hybrid action for a judgment declaring that a certain contract for the sale of real property is void and unenforceable and that the plaintiffs have a right of first refusal to purchase the real property pursuant to Suffolk County Code § 356-6, to permanently enjoin the enforcement of that contract, and for a mandatory injunction compelling the defendant R & R Mobile Home Park, Inc., to accept the plaintiffs' offer to purchase the subject real property pursuant to that right of first refusal, and, in effect, proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the defendant County of Suffolk to represent the plaintiffs in enforcing that right of first refusal, or, in the alternative, in the nature of prohibition and mandamus to prohibit the defendant County of Suffolk from enforcing a certain oral real property tax abatement agreement between that defendant and the defendant R & R Mobile Home Park, Inc., and thereafter to compel the defendant County of Suffolk to conduct a tax sale of the subject real property, the defendant Eckel Development, LLC, appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Suffolk County (Farneti, J.), dated October 13, 2009, as denied its cross motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as denied those branches of their motion which were for preliminary injunctive relief and granted the separate cross motion of the defendants County of Suffolk, Suffolk County Department of Real Estate, and "John Doe" to dismiss the complaint insofar as asserted against those defendants.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the plaintiffs, payable by the defendant Eckel Development, LLC, and one bill of costs to the defendants County of Suffolk, Suffolk County Department of Real Estate, and "John Doe," payable by the plaintiffs.

The plaintiff Willow Woods Manufactured Homeowner's Association, Inc. (hereinafter the homeowner's association), is an incorporated association of mobile home tenants living at a mobile home park in Riverhead. The individual plaintiffs are owners of mobile homes who lease land in the mobile home park, which is owned by the defendant R & R Mobile Home Park, Inc. (hereinafter R & R). The defendant Lorna Kiley is the owner and president of R & R.

On March 11, 2008, R & R executed a contract (hereinafter the Eckel contract) to sell the mobile home park to the defend-

ant Eckel Development, LLC (hereinafter Eckel), subject to Eckel obtaining approvals to construct a shopping mall on the property. Pursuant to Suffolk County Code § 356-6, which provides a right of first refusal for tenants of mobile home parks, Kiley sent the tenants a copy of the Eckel contract, along with a letter explaining that they had a right of first refusal. In response, the tenants incorporated the homeowner's association, which made an offer to purchase the property on the same terms and conditions as the Eckel contract, except that the property would remain a mobile home park. In a letter dated July 8, 2008, R & R's counsel, without explanation, returned the offer and the $50,000 down payment tendered by the homeowner's association.

The plaintiffs then commenced this action, seeking, inter alia, a judgment declaring that the Eckel contract is void and a permanent injunction compelling R & R to accept the homeowner's association's offer to purchase the property. The complaint further asserted causes of action, in effect, pursuant to CPLR article 78 in the nature of mandamus against the County of Suffolk and Suffolk County Department of Real Estate (hereinafter the county defendants), among others, seeking to compel the county defendants to represent the plaintiffs in enforcing the right of first refusal pursuant to Suffolk County Code § 356-6 (E) or, in the alternative, in the nature of prohibition and mandamus to prohibit the County from enforcing an oral real estate tax abatement agreement with R & R, and thereafter to compel the County to acquire the property through a tax sale. The plaintiffs moved, inter alia, for preliminary injunctive relief. Eckel cross-moved to dismiss the complaint insofar as asserted against it, arguing that Suffolk County Code § 356-6 was preempted by Real Property Law § 233. The county defendants also cross-moved to dismiss the complaint insofar as asserted against them. The Supreme Court granted the county defendants' cross motion, denied Eckel's cross motion, and denied those branches of the plaintiffs' motion which were for preliminary injunctive relief. Eckel appeals and the plaintiffs cross-appeal.

This appeal requires us to determine whether the New York State Legislature, in enacting Real Property Law § 233 in 1974, intended to preempt local laws granting mobile home owners a right of first refusal to purchase the real property constituting the mobile home parks in which they reside. Contrary to Eckel's contention, there is no indication that, prior to the recent enactment of Real Property Law § 233-a, the Legislature, by virtue of its 1974 enactment of the current version of Real Property Law

§ 233, intended to occupy the entire field of regulation related to mobile home parks so as to preempt or preclude local legislation related to the sale of mobile home parks, as opposed to the landlord/tenant relationship within such parks. Accordingly, prior to the January 2, 2009, effective date of Real Property Law § 233-a, such local laws were not preempted. Since the events giving rise to this action preceded the effective date of Real Property Law § 233-a, and Real Property Law § 233 does not preempt Suffolk County Code § 356-6, that provision of the Suffolk County Code is enforceable in this action.

Local governments have been delegated broad powers to enact local legislation consistent with state laws (see NY Const, art IX, § 2; Municipal Home Rule Law § 10). The preemption doctrine represents a fundamental limitation on such home rule powers, precluding local legislation where an express conflict exists between state and local laws, or where the State has clearly evinced a desire to preempt an entire field, thereby precluding any further local regulation (see *DJL Rest. Corp. v City of New York*, 96 NY2d 91, 95 [2001]; *Albany Area Bldrs. Assn. v Town of Guilderland*, 74 NY2d 372, 377 [1989]; *Jancyn Mfg. Corp. v County of Suffolk*, 71 NY2d 91, 97 [1987]; *see also Ba Mar v County of Rockland*, 164 AD2d 605, 612 [1991]).

"[T]he mere fact that both the State and local governments seek to regulate the same subject matter does not, in and of itself, render the local legislation invalid on preemption grounds" (*Ba Mar v County of Rockland*, 164 AD2d at 612; *see Jancyn Mfg. Corp. v County of Suffolk*, 71 NY2d at 97). There must be an intent on the part of the State to occupy the entire field (see *Ba Mar v County of Rockland*, 164 AD2d at 612). That intent need not be express. "An implied intent to preempt may be found in a 'declaration of State policy by the State Legislature . . . or from the fact that the Legislature has enacted a comprehensive and detailed regulatory scheme in a particular area' " (*DJL Rest. Corp. v City of New York*, 96 NY2d at 95, quoting *Consolidated Edison Co. of N.Y. v Town of Red Hook*, 60 NY2d 99, 105 [1983]).

In *Ba Mar v County of Rockland* (164 AD2d at 611), this Court held that Real Property Law § 233 represents "a comprehensive effort by the State Legislature to regulate the relationship between mobile home park owners/operators and the owners of the mobile homes located in their parks." We held that the Legislature had preempted the field of mobile home park regulation and, thus, local laws seeking to alter the balance set by the Legislature between mobile home owners and park owners were precluded (*accord Halpern v Sullivan County*, 171 AD2d 157,

160 [1991]). Eckel contends that this holding precludes enforcement of Suffolk County Code § 356-6. However, the local laws at issue in *Ba Mar* involved landlord/tenant relations between mobile home park owners, in their capacity as landlords, and mobile home owners, in their capacity as tenants. It is only this field which is preempted by Real Property Law § 233 (*see* 1996 Ops Atty Gen No. 96-30). Suffolk County Code § 356-6, on the other hand, involves the *sale* of mobile home park *land*, an area outside the limited field of landlord/tenant relationships between mobile homeowners and mobile home park owners that is preempted by Real Property Law § 233.

Accordingly, Suffolk County Code § 356-6 is enforceable with respect to this case, and the Supreme Court properly denied Eckel's cross motion to dismiss the complaint based upon the alleged unenforceability of that local law.

However, the Supreme Court properly granted the county defendants' motion to dismiss the complaint insofar as asserted against them. Pursuant to Suffolk County Tax Act § 40-c (L 1920, ch 311, as amended), county officers have the discretion to compromise taxes or reduce the rates of interest and penalties due. "[M]andamus does not lie to enforce the performance of a duty that is discretionary, as opposed to ministerial" (*New York Civ. Liberties Union v State of New York*, 4 NY3d 175, 184 [2005]; *see Matter of Hamptons Hosp. & Med. Ctr. v Moore*, 52 NY2d 88, 97 [1981]). Accordingly, the plaintiffs failed to state a cause of action, in effect, pursuant to CPLR article 78 in the nature of prohibition and mandamus to prohibit the county defendants from enforcing the terms of the oral real property tax abatement agreement between the County and R & R, and thereupon to compel the County to conduct a tax sale of the subject real property.

The plaintiffs further sought relief, in effect, in the nature of mandamus to compel the county defendants to represent them in enforcing their right of first refusal to purchase the subject real property. However, Suffolk County Code § 356-6 (E), upon which they rely, does not impose such a duty. Accordingly, the plaintiffs are unable to show a "clear legal right" to such relief and, consequently, they failed to state a cause of action, in effect, in the nature of mandamus to compel the county defendants to represent them (*Matter of Brusco v Braun*, 84 NY2d 674, 679 [1994]; *see Matter of County of Fulton v State of New York*, 76 NY2d 675, 678 [1990]).

The Supreme Court providently exercised its discretion in denying the preliminary injunction sought by the plaintiffs against R & R and Kiley (*see* CPLR 6301; *Doe v Axelrod*, 73

NY2d 748, 750 [1988]). The plaintiffs' request to compel R & R and Kiley to accept their offer to purchase the property seeks the ultimate relief to which they would be entitled in a final judgment. Therefore, the motion for a preliminary injunction was properly denied (*see SHS Baisley, LLC v Res Land, Inc.*, 18 AD3d 727, 728 [2005]; *St. Paul Fire & Mar. Ins. Co. v York Claims Serv.*, 308 AD2d 347, 349 [2003]).

Moreover, although the plaintiffs demonstrated a likelihood of success on the merits on their cause of action for a judgment declaring that they have a right of first refusal to purchase the subject property and that, on balance, the equities are in their favor, the plaintiffs failed to show that they would be irreparably harmed absent preliminary relief enjoining enforcement of the contract between R & R and Eckel (*see generally Icy Splash Food & Beverage, Inc. v Henckel*, 14 AD3d 595, 596 [2005]). The notice of pendency filed on the property and the provisions of the contract itself, expressly rendering it subordinate to the plaintiffs' right of first refusal, if any, under Suffolk County Code § 356-6, suffice to avoid the possibility that their rights would be compromised by a closing of title to the subject property during the pendency of this action. Skelos, J.P., Covello, Balkin and Austin, JJ., concur.