306 RUTLEDGE, LLC, Respondent, v CITY OF NEW YORK et al., Appellants. [935 NYS2d 619]—

CPLR 3101 (a) provides for full disclosure of "all matter material and necessary in the prosecution . . . of an action" (*see Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406 [1968]). "The Supreme Court has broad discretion in the supervision of discovery, and its determinations should not be disturbed on appeal unless improvidently made" (*Foster v Herbert Slepoy Corp.*, 74 AD3d 1139, 1140 [2010] [internal quotation marks omitted]; *see JRP Old Riverhead Ltd. v Town of Southampton*, 73 AD3d 1130, 1132-1133 [2010]; *Kaplan v Herbstein*, 175 AD2d 200 [1991]). Under the circumstances of this case, the Supreme

Court providently granted that branch of the plaintiff's motion which was to direct the defendants to disclose its complete records concerning its use of, and activities at, the premises, relating to the creation and remediation of pollution at the premises, and any tangible records concerning any actions or plans to remediate the polluted condition, as these records are material and necessary to the issues in this case.

"The purpose of a preliminary injunction is to preserve the status quo until a decision is reached on the merits" (*Icy Splash Food & Beverage, Inc. v Henckel*, 14 AD3d 595, 596 [2005]; *see S.J.J.K. Tennis, Inc. v Confer Bethpage, LLC*, 81 AD3d 629, 630 [2011]; *Ruiz v Meloney*, 26 AD3d 485, 486 [2006]). "To be entitled to a preliminary injunction, a movant must establish (1) a likelihood or probability of success on the merits, (2) irreparable injury absent granting the preliminary injunction, and (3) a balancing of the equities in the movant's favor" (*Rowland v Dushin*, 82 AD3d 738, 739 [2011]; *see Board of Mgrs. of Wharfside Condominium v Nehrich*, 73 AD3d 822, 824 [2010]; *Yemini v Goldberg*, 60 AD3d 935, 936 [2009]). "Where the plaintiffs can be fully compensated by a monetary award, an injunction will not issue because no irreparable harm will be sustained in the absence of such relief" (*Mar v Liquid Mgt. Partners, LLC*, 62 AD3d 762, 763 [2009]).

Here, the City has not yet remediated the contamination on the premises. Although the plaintiff may ultimately be successful in this action, the order of the Supreme Court effectively altered the status quo and granted the monetary relief the plaintiff seeks in the complaint (*see SHS Baisley, LLC v Res Land, Inc.*, 18 AD3d 727, 728 [2005]; *Village of Westhampton Beach v Cayea*, 38 AD3d 760, 762 [2007]). Accordingly, that branch of the plaintiff's motion which was for a preliminary injunction directing the defendants to pay the plaintiff the amount of all rental payments due since September 15, 2009, together with all payments due for real estate taxes, water and sewer rental, and any other payments required under the 2006 lease between the parties until the defendants abate the environmental hazard existing on the subject premises or the outcome of any trial in this matter, should have been denied. Rivera, J.P., Angiolillo, Belen and Roman, JJ., concur.