In an action, inter alia, to recover damages for breach of contract and breach of fiduciary duty, the plaintiff appeals (1) from so much of an order of the Supreme Court, Nassau County (Warshawsky, J.), dated June 28, 2011, as denied that branch of its motion which was, in effect, to preliminarily enjoin the defendant from using a certain telephone number, and (2) from an order of the same court dated November 28, 2011, which granted the defendant’s motion for summary judgment dismissing the complaint and on his counterclaim.
Ordered that the order dated June 28, 2011, is affirmed insofar as appealed from, and it is further;
Ordered that the order dated November 28, 2011, is affirmed, and it is further;
Ordered that one bill of costs is awarded to the defendant.
The plaintiff, European Granite and Marble Group, Inc. (hereinafter EGM), is a dealer in imported marble and stone. The defendant was an employee and 30% shareholder of EGM’s predecessor-in-interest, European Granite of Long Island, Inc. (hereinafter EGLI), up until September 2010, when he negotiated a severance agreement with that company, which obligated it to pay him the sum of $355,000 in 24 equal quarterly installments. After the defendant left the company, EGM made one of the payments, and thereafter stopped paying, instead commencing this action, asserting eight causes of action sounding in, among other things, breach of contract and breach of fiduciary duty. EGM alleged that the defendant improperly acquired and *733 used, a telephone number that was company property. The defendant counterclaimed for payment of the amount allegedly due and owing on the severance agreement, based on an acceleration clause set forth therein.
The Supreme Court properly denied that branch of EGM’s motion which was, in effect, to preliminarily enjoin the defendant from using the disputed telephone number. To be entitled to a preliminary injunction, a movant must establish (1) a likelihood of success on the merits, (2) irreparable injury if the preliminary injunction is not granted, and (3) a balance of the equities in the movant’s favor (see 306 Rutledge, LLC v City of New York, 90 AD3d 1026, 1028 [2011] [internal quotation marks omitted]). Here, contrary to EGM’s contention, it did not show that it had an ownership interest in the disputed telephone number after July 2000 and, therefore, did not show that the defendant acted in bad faith by acquiring it in October 2007. Accordingly, EGM failed to demonstrate a likelihood of success on the merits in its action. Moreover, EGM did not demonstrate irreparable injury or a balance of the equities in its favor.
The Supreme Court properly granted that branch of the defendant’s motion which was for summary judgment dismissing the complaint. The defendant demonstrated, prima facie, his entitlement to judgment as a matter of law dismissing the complaint (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]). Contrary to EGM’s contention, all of the causes of action in the complaint were based upon its alleged ownership interest in the disputed telephone number, and the evidence submitted by the defendant showed that, after July 2000, neither EGM nor its predecessor, EGLI, used or had an ownership interest in that telephone number. In opposition, EGM submitted only the affirmation of its attorney, which was not based upon personal knowledge of the facts, and which was, therefore, of no evidentiary significance (see US Natl. Bank Assn. v Melton, 90 AD3d 742, 743 [2011]). Therefore, EGM failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557 [1980]).
The defendant asserted a counterclaim based upon the acceleration clause set forth in the severance agreement, which provided: “[i]n the event the Company fails to timely pay any installment of the Severance Amount when due. . . the entire amount of the unpaid Severance Amount shall, automatically, after ten (10) days written notice to cure from [the defendant], accelerate and shall be immediately due and payable.” The defendant demonstrated his prima facie entitlement to judgment *734 as a matter of law on the counterclaim, submitting admissible evidence showing, inter alia, that EGM made one of the installment payments in October 2010, and then failed to make any further payments. For the same reasons as described above, EGM failed to raise a triable issue of fact.
EGM’s remaining contentions are either raised for the first time on appeal and, therefore, not properly before this Court, or without merit.
Accordingly, the Supreme Court properly granted that branch of the defendant’s motion which was for summary judgment on the counterclaim. Mastro, J.P., Dickerson, Lott and Austin, JJ, concur.