■ JOYCE ZOLLER et al., Appellants, v HSBC MORTGAGE CORPORATION (USA) et al., Respondents, et al., Defendants. [22 NYS3d 901]—

In an action, inter alia, to recover damages for injury to property and injunctive relief, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Raffaele, J.), entered October 18, 2014, as denied that branch of their motion which was for preliminary mandatory injunctive relief against the defendant Freedom Mortgage Corp.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the defendant Freedom Mortgage Corp.

The Supreme Court providently exercised its discretion in denying that branch of the plaintiffs' motion which was for a preliminary mandatory injunction against the defendant Freedom Mortgage Corp. (hereinafter Freedom). To obtain a preliminary injunction, the moving party must establish, by clear and convincing evidence, (1) a likelihood of success on the merits, (2) irreparable injury absent a preliminary injunction, and (3) that the equities balance in his or her favor (see CPLR 6301; *Matter of Armanida Realty Corp. v Town of Oyster Bay*, 126 AD3d 894 [2015]; *M.H. Mandelbaum Orthotic & Prosthetic Servs., Inc. v Werner*, 126 AD3d 859, 860 [2015]; *Mangar v Deosaran*, 121 AD3d 650 [2014]). "[A]bsent extraordinary circumstances, a preliminary injunction will not issue where to do so would grant the movant the ultimate relief to which he or she would be entitled in a final judgment" (*SHS Baisley, LLC v Res Land, Inc.*, 18 AD3d 727, 728 [2005]; *see Board of Mgrs. of Wharfside Condominium v Nehrich*, 73 AD3d 822, 824 [2010]).

"A mandatory injunction, which is used to compel the performance of an act, is an extraordinary and drastic remedy which is rarely granted and then only under unusual circumstances where such relief is essential to maintain the status quo pending trial of the action" (*Matos v City of New York*, 21 AD3d 936, 937 [2005] [citation omitted]; *see Village of Westhampton Beach v Cayea*, 38 AD3d 760, 762 [2007]; *Rosa Hair Stylists v Jaber Food Corp.*, 218 AD2d 793, 794 [1995]).

Here, the plaintiffs failed to demonstrate the existence of extraordinary circumstances warranting mandatory injunctive relief against Freedom pending the resolution of the action (*see Board of Mgrs. of Wharfside Condominium v Nehrich*, 73 AD3d at 824; *Matos v City of New York*, 21 AD3d at 937).

The parties' remaining contentions need not be reached in light of our determination. Leventhal, J.P., Chambers, Cohen and Hinds-Radix, JJ., concur.