Berman v TRG Waterfront Lender, LLC (2020 NY Slip Op 01902)





Berman v TRG Waterfront Lender, LLC


2020 NY Slip Op 01902


Decided on March 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
JOHN M. LEVENTHAL
JOSEPH J. MALTESE, JJ.


2018-11751
 (Index No. 151369/18)

[*1]David Berman, respondent, 
v
TRG Waterfront Lender, LLC, et al., appellants.


Tuttle Yick LLP, New York, NY (David G. Skillman of counsel), for appellants.
Gyimesi & Wedinger, P.C., Staten Island, NY (Laurel A. Wedinger of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to rescind a contract for the sale of real property, the defendants appeal from an order of the Supreme Court, Richmond County (Orlando Marrazzo, Jr., J.), dated September 12, 2018. The order, in effect, granted that branch of the plaintiff's pre-answer motion pursuant to CPLR 6301 which was for an immediate declaration that the parties' contract of sale was null and void, and ordered the defendants to return the plaintiff's down payment.
ORDERED that the order is reversed, on the law, with costs, that branch of the plaintiff's pre-answer motion pursuant to CPLR 6301 which was for an immediate declaration that the parties' contract of sale was null and void is denied, and all declaratory and injunctive relief is vacated.
On January 22, 2018, the plaintiff, David Berman, entered into a contract to purchase certain real property from the defendant TRG Waterfront Lender, LLC (hereinafter TRG). The purchase price was $2,350,000 and the closing date was set for June 4, 2018. The contract specifically provided that time shall be of the essence for Berman to perform his obligations on the closing date. The contract required that Berman tender a $100,000 down payment to be held in escrow by the defendant Hansen Law, PLLC (hereinafter Hansen), which was the seller's attorney. The contract included a provision permitting Berman to terminate the contract prior to closing if Berman was dissatisfied with the condition of the premises, by delivering on or before the expiration of the contractual due diligence period, written notice of his intent to terminate the contract, together with a Phase I Environmental Site Assessment from a licensed environmental inspection laboratory (hereinafter Phase I Assessment), a Phase II Environmental Site Assessment from a licensed environmental laboratory or licensed engineer (hereinafter Phase II Assessment), and other reports and studies identified by Berman as having been completed. The termination provision specified that, with respect to the delivery of the required termination documents, "TIME BEING OF THE ESSENCE."
It is uncontroverted that the $100,000 down payment was made and that the deadline by which Berman could terminate the contract was May 2, 2018. On April 23, 2018, Berman delivered notice to Hansen that he was exercising his right to terminate the contract, providing a copy [*2]of the Phase I Assessment and a copy of a letter from the New York State Department of Environmental Conservation (hereinafter DEC). Berman demanded return of the down payment. On May 3, 2018, TRG and Hansen wrote to Berman asserting that Berman had failed to exercise his termination right and had waived that right because he did not deliver a Phase II Assessment prior to the expiration of his time to terminate. On May 10, 2018, Berman responded that it was impossible, due to the need to coordinate with the DEC, to obtain a Phase II Assessment within the allotted time and again demanded return of the down payment. TRG rejected Berman's assertions and demanded that Berman fulfill all of his obligations to close on the contractually specified, time-of-the-essence closing date of June 4, 2018.
Berman commenced this action on May 31, 2018, seeking as his ultimate relief a judgment directing TRG "to authorize the release" of the $100,000 down payment, directing Hansen "to immediately return the $100,000" to Berman, and a judgment "declaring the Contract of Sale null and void." On June 1, 2018, Berman moved, by order to show cause, pursuant to CPLR 6301 to preliminarily enjoin TRG from scheduling or attempting to schedule a closing on the premises, to preliminarily enjoin TRG from obtaining the $100,000 down payment from Hansen, and to preliminarily enjoin Hansen from releasing the $100,000 down payment. The order to show cause also sought, "in the alternative, if an attempted transfer of any right, title and interest shall occur," an "immediate declaration" that the contract of sale is null and void as having been terminated by Berman.
In signing the order to show cause, the Supreme Court issued a temporary order directing that, pending determination of the action, TRG and Hansen were stayed from releasing the down payment and were stayed from holding or attempting to hold a closing on June 4, 2018. TRG and Hansen together opposed the motion.
In an order dated September 12, 2018, the Supreme Court ordered that the plaintiff's order to show cause was "granted," and further ordered that Hansen return to Berman the down payment of $100,000. The Clerk of the Court was directed to mark his records accordingly, a direction which resulted in the action being marked disposed. TRG and Hansen appeal. We reverse.
"[A]bsent extraordinary circumstances, a preliminary injunction will not issue where to do so would grant the movant the ultimate relief to which he or she would be entitled in a final judgment" (SHS Baisley, LLC v Res Land, Inc., 18 AD3d 727, 728; accord Zoller v HSBC Mtge. Corp [USA], 135 AD3d 932, 933; see Board of Mgrs. of Wharfside Condominium v Nehrich, 73 AD3d 822, 824). Here, as TRG and Hansen contend, the Supreme Court should not have, in effect, granted the ultimate relief requested in Berman's complaint, which was the return of the down payment. In ordering Hansen to return the down payment to Berman, the court, in effect, treated Berman's motion as one for summary judgment (see CPLR 3212; St. Paul Fire & Mar. Ins. Co. v York Claims Serv., 308 AD2d 347, 349), which was improper, as issue had not been joined (see CPLR 3212[a]; City of Rochester v Chairella, 65 NY2d 92, 101; St. Paul Fire & Mar. Ins. Co. v York Claims Serv., 308 AD2d at 349).
Moreover, Berman failed to demonstrate his entitlement to temporary injunctive relief pursuant to CPLR 6301, as he failed to establish any of the three required elements for such relief: (1) likelihood of ultimate success on the merits, (2) irreparable injury absent granting of a preliminary injunction, (3) and a balancing of equities in his favor (see Keller v Kay, 170 AD3d 978, 981; Carroll v Dicker, 162 AD3d 741, 742; St. Paul Fire & Mar. Ins. Co. v York Claims Serv., 308 AD2d at 348).
Berman failed to demonstrate irreparable injury, as the loss of a down payment is not an irreparable harm since the injured party could be made whole by a money judgment (see Trump on the Ocean, LLC v Ash, 81 AD3d 713, 716; EdCia Corp. v McCormack, 44 AD3d 991, 994). Contrary to Berman's argument, TRG's demand that Berman fulfill his contractual obligation to close on the time-is-of-the-essence closing date did not pose a threat of irreparable harm to Berman. TRG could not have forced Berman to take title to a property he did not wish to own and, in the event that Berman defaulted at the time-of-the-essence closing, TRG's sole recourse under the [*3]contract was to retain the down payment plus interest as liquidated damages.
Berman also failed to show a likelihood of success on the merits. The contract plainly required that, in order for Berman to exercise his termination right, he had to furnish TRG with both a Phase I and a Phase II Assessment. It is undisputed that he furnished only a Phase I Assessment. While Berman contends that it was impossible to obtain a Phase II Assessment within the required time, he failed to demonstrate a likelihood of success in establishing that it was impossible to obtain the report.
"Impossibility excuses a party's performance only when the destruction of the subject matter of the contract or the means of performance makes performance objectively impossible" (Kel Kim Corp. v Central Mkts., 70 NY2d 900, 902 [emphasis added]; accord Kolodin v Valenti, 115 AD3d 197, 200). "Moreover, the impossibility must be produced by an unanticipated event that could not have been foreseen or guarded against in the contract" (Kel Kim Corp. v Central Mkts., 70 NY2d at 902 [emphasis added]; accord Kolodin v Valenti, 115 AD3d at 200). Berman's claims that the need for coordination with the DEC made it impossible to timely prepare a Phase II Assessment were conclusory, lacking any details as to the reasons why the Phase II Assessment could not be completed. While he was advised, by letter dated April 2, 2018, by the firm that prepared the Phase I Assessment that work on the Phase II Assessment should proceed and should be coordinated with the DEC, the firm did not claim that the work could not be timely completed. Berman failed to document, or even articulate, what efforts, if any, were made to coordinate with the DEC, to obtain any required permits, or to otherwise attempt to proceed with a Phase II Assessment. Moreover, TRG, in opposition to Berman's order to show cause, set forth evidence that Berman was informed as early as February 1, 2018, that development of the property likely fell within the jurisdiction of the DEC.
Finally, Berman failed to show that the balancing of equities was in his favor. Retention of the down payment by Hansen is no more burdensome to Berman than it is to TRG (see McLaughlin, Piven, Vogel v Nolan & Co., 114 AD2d 165, 174).
SCHEINKMAN, P.J., MASTRO, LEVENTHAL and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court